■ FREDERICK POTTER, Appellant, v. HAROLD H. GUERTZE, SR., Respondent.— Appeal by plaintiff from an order of the Supreme Court granted at Trial Term, Albany County which dismissed the complaint at the close of the plaintiff's evidence, and from the judgment entered on said order. In conjunction with an action in negligence to recover damages for personal injuries, plaintiff sued to rescind a release upon the ground of mutual mistake of fact. The mistake urged is that at the time settlement negotiations were had and the release given, neither party knew that plaintiff had sustained, in addition to rather minor injuries, a ruptured intervertebral disc which, in fact, required subsequent hospitalization of plaintiff and an operation. Plaintiff was hospitalized on December 23, 1952, the day of the accident, and returned home next day. He found that an adjuster for defendant's insurance carrier had left his card. Some time later he telephoned the carrier and, pursuant to its request, submitted to examination by its physician on January 19, 1953. Plaintiff's attending physician discharged plaintiff on February 24 and told him he might return to work and on that day plaintiff went to the carrier's office with his own insurance agent, who did not, so far as appears, remain during the conversation which ensued. Plaintiff took with him a statement of his special damages and the carrier's adjuster offered him the amount of them plus $1,000, a total of $1,898.75, which plaintiff, after some demur and after the adjuster said that that was " all the accident was worth and I could take it or go out and get a lawyer or half a dozen lawyers and give it to them ", accepted and thereupon executed a complete release. Plaintiff contends that he did not read the release and that neither the terms of the release nor the question of unknown injuries were discussed. He knew, however, that the paper which he signed was a release and it is not claimed that he was unaware of its effect. Plaintiff was not uneducated or without business experience. He had completed high school, had worked as a local policeman, a State trooper, a salesman and, for many years prior to the accident, in the circulation department of a newspaper as a "road man " calling on customers and, among other things, conducting financial transactions with them. There is no contention that the consideration paid for the release was inadequate for the known injuries. There was no evidence of fraud or overreaching. The order of dismissal was properly granted. (*Yehle* v. *New York Cent. R. R. Co.,* 267 App. Div. 301, affd. 295 N. Y. 874.) Judgment and order affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ HAROLD BEREAN, Respondent, v. TOWN OF LLOYD, Appellant, et al., Defendant.— Defendant Town of Lloyd appeals from a denial of its motion to dismiss the complaint herein under rule 106 of the Rules of Civil Practice on the ground that it fails to state a cause of action. The matter has been before this court before (*Berean* v. *Town of Lloyd,* 3 A D 2d 585). The complaint seeks a judgment against the town for the negligence of the Town Board in the operation and maintenance of a sewer district within the town. We held before that a Town Board does not exist separately and independently from a town which it governs and that the acts of the Town Board, when performed under statutory authority, are the acts of the town. The operation

and maintenance of a sewer district is a duty imposed by statute upon the Town Board of the town within which the district is located, and such operations and maintenance are acts of the town. Prior to the acts complained of all powers theretofore exercised by separate boards or commissions, including sewage district commissioners were vested in and required to be exercised by town boards (Town Law, § 61). Appellant here contends that before a town can be held liable its officials must be acting as town officers and that there must be a specific statute specifically declaring and imposing liability on the town. Prior to the abolition of the doctrine of sovereign immunity the rule undoubtedly was as appellant contends. Since the enactment of section 8 of the Court of Claims Act however we think that the former rule no longer applies in actions brought against a town for the negligent acts of its officials performed within the scope of their statutory authority. When the State waived its immunity the civil divisions of the State likewise waived a derivative immunity (*Steitz* v. *City of Beacon*, 295 N. Y. 51; *McCarthy* v. *City of Saratoga Springs*, 269 App. Div. 469). We do not agree with the proposition that members of the Town Board are not acting as town officials when they assume the former duties of sewage district commissioners. The powers and duties imposed by the Legislature on town boards became the powers and duties of the towns themselves (Town Law, §§ 2, 60, 64, subd. 23). By the statute cited the Legislature has seen fit to give control of special districts to town boards, except where a board of commissioners is especially created, and they are the only legal entities that may administer all of the affairs of the townships. We said in the former appeal that the town could assess any liability found against the property within the sewer district, and we can see no good reason for reversing this dictum. Order affirmed, with $10 costs. This court, on its own motion, grants permission to appeal to the Court of Appeals and certifies that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals and certifies the following question: Does the complaint state a cause of action against the defendant town? Foster, P. J., Bergan, Coon and Gibson, JJ., concur.