THOMAS G. VISKOVICH, Respondent, v. WALSH-FULLER-SLATTERY et al., Appellants.

First Department, March 6, 1962.

*James M. Gilleran* of counsel (*John J. O'Connor*, attorney), for appellants.

*Thomas E. Paterson* of counsel (*John J. Corcoran*, attorney), for respondent.

STEVENS, J. This is an appeal from an order entered October 30, 1961, which directed the striking of the affirmative defense of release after that defense had been tried separately before a jury.

Plaintiff, an asbestos worker, was injured October 10, 1955, when he fell from a scaffold while working on a construction job. Plaintiff struck his back on a concrete floor. He sought medical treatment and two days later retained an experienced attorney to represent him in a claim for damages for personal injuries. These injuries were diagnosed by plaintiff's physician as "multiple bruises and abrasions, both lower legs and back, sacroiliac sprain, bilateral, sprain of right shoulder joint and shock." X rays taken shortly after the accident were negative for fractures or dislocations.

The claim was settled upon payment of $1,000 and payment of a lien in excess of $100. A general release dated May 14, 1956, was executed by the plaintiff. Up to that date plaintiff had lost approximately one work week because of the injuries.

When plaintiff returned to work about one week after the accident he worked steadily until sometime in 1958. Then, because of leg and back pains, which apparently began in late 1957, plaintiff sought medical advice and treatment. It was discovered that plaintiff suffered from a herniated disc for which he underwent corrective or curative surgery.

Thereafter the present action was instituted for the recovery of damages for personal injuries, the plaintiff alleging the herniated disc was caused by the accident of October 10, 1955. These defendants, while not the parties against whom the 1955 claim was made, were in the position of joint tort-feasors and plead as an affirmative defense the general release executed May 14, 1956.

By order of the court the issue created by the affirmative defense of release was severed and tried separately prior to the trial of any other issues. The plaintiff at the trial of the issue claimed mutual mistake. The jury found in favor of the plaintiff, and it is from the order thereafter entered, striking the defense of release, that the defendants appeal.

The defendants-appellants assert the general release is a bar to this action because there is no claim of fraud, misrepresentation or overreaching, and the release was fairly and knowingly made.

Plaintiff-respondent asserts there was a mutual mistake in the execution of the release because the state of facts assumed to exist at the time of settlement did not, in fact, exist.

The theory of mutual mistake, when acted upon by the courts in refusing to give full effect to a general release, is based upon a determination or conclusion that the minds of the parties failed to meet in agreement upon the essential elements of the instrument. (*Yehle* v. *New York Cent. R. R. Co.*, 267 App. Div.

301, affd. 295 N. Y. 874.) In such cases the courts say the release, though general in terms, was only intended to be a release of injuries known to the plaintiff at the time of settlement or execution. (*Barry* v. *Lewis,* 259 App. Div. 496; *Farrington* v. *Harlem Sav. Bank,* 280 N. Y. 1.) In *Barry* v. *Lewis* there was a mistake of fact in that both parties at the time the release was signed were unaware that plaintiff suffered injuries other than superficial bruises. Moreover, no claim had been or was intended to be filed. In *Farrington* v. *Harlem Sav. Bank* (*supra*), the instrument was executed four days after the accident. It was signed by the plaintiff while he was waiting on customers in a store and when, according to his testimony, he did not read it and it was represented to him to be a receipt.

As was pointed out in *Yehle* v. *New York Cent. R. R. Co.* (*supra,* pp. 310–311) " [a]n examination of these cases [where a release has been held not binding] shows that there was present in the same a mistake or lack of knowledge on the part of a plaintiff as to injuries received and some over reaching of the plaintiff by the defendant, or other circumstances from which it could be concluded that plaintiff and defendant did not intend the settlement to be in payment of unknown injuries, the knowledge and effect of which unknown injuries would appear after the settlement was made." Something more tangible is required than the mere assertion by one party of the claim of mutual mistake. The basic question is what was the intention of the parties at the time of the execution and delivery of the instrument.

We realize that intent is a mental condition and its formation a silent operation of the mind. Whether a particular intention exists may be a question of fact and the answer is to be found by recourse to the laws which generally govern the course of human conduct; by consideration of the physical manifestations of intent, i.e., acts, and by consideration of the facts and circumstances peculiar to or attendant upon the subject under inquiry. But in order for there to be an issue of fact for a jury to pass upon there must be some evidence to establish the ground of the mutual mistake or of mistake and unilateral fraud or overreaching. Here we must examine the acts of the parties and the facts and circumstances of this case in determining the scope and validity of the release given.

The plaintiff makes no claim of fraud or overreaching. The execution of the release almost eight months after the occurrence negatives the idea of undue pressure or indecent haste. Representation by and advice of counsel who explained the meaning of the release to plaintiff, plaintiff's testimony that he under-

stood his execution of the release to mean the end of the case, the fact that plaintiff was neither ignorant nor illiterate, his acceptance of a more than nominal sum in settlement and his knowledge of the existent medical findings, require the conclusion that plaintiff did, in fact, intend to give a general release from all claims. Equally evident is it that the payor bought his freedom from further liability at more than minimal cost and so intended it to be.

In light of the circumstances and knowledge of the parties at the time of settlement, the amount paid cannot fairly be characterized as inadequate. Where the terms of a release are agreed upon after negotiation and deliberate bargaining, and the injured party is not disadvantaged by dealing directly with the alleged tort-feasor, but on the contrary is represented by competent counsel who explains the meaning and effect of the general release, and the claimant is not inhibited by such mental deficiency as to be incapable of an intelligent comprehension and understanding of the meaning of his act in executing the instrument, it will be held that he freely assented to and voluntarily entered such agreement. (See *Lucio* v. *Curran,* 2 N Y 2d 157.)

The general release, there being insufficient evidence to establish infirmity, was a release of all claims without reservation. Such a release creates a bar to this action for damages against other alleged tort-feasors arising from the same injury. (*Milks* v. *McIver,* 264 N. Y. 267, 269.)

Accordingly, the order appealed from should be reversed on the law and the facts, with costs, the affirmative defense of release reinstated, and the complaint dismissed on the ground that the release as established is a complete bar to the action as brought.

BREITEL, J. P., VALENTE, STEUER and BERGAN, JJ., concur.

Order, entered on October 30, 1961, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to the appellants, the affirmative defense of release reinstated, and the complaint dismissed on the ground that the release as established is a complete bar to the action as brought. Settle order on notice.