■ VIRGINIA ELSON, Respondent, v. FRANK L. DELANEY, Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: On July 25, 1968 plaintiff suffered personal injuries to her back and neck when an automobile owned and driven by defendant in which she was a passenger

left the highway and slid down an embankment. After six days of hospital care, plaintiff returned to her summer home in Avoca, New York. Two days after her discharge, a claims adjuster from defendant's automobile insurance carrier visited plaintiff to inquire into the circumstances of the accident and, if possible, to settle any claim plaintiff might have. During the conversation plaintiff stated that she did not want to cause any trouble for defendant and, therefore, only wanted payment for her medical bills. As a result the claims adjuster offered to pay plaintiff all her medical bills causally related to the accident which she accrued within one year of the accident up to a limit of $2,000. In addition the adjuster offered the plaintiff $50 for time lost from work although plaintiff was a school teacher who did not work during the summer months. Plaintiff then read and executed a document which by its terms released defendant from all liability other than for her medical expenses. Pursuant to this release, the insurance carrier paid $525.73 of plaintiffs medical bills; however, it refused to pay nearly $700 of plaintiff's additional medical bills. The trial court found that the release was void because there was insufficient consideration and because there was a mutual mistake of fact in that neither party understood the extent of the injuries to plaintiff's neck and back. We can not agree. Defendant's insurance carrier was obligated under medical expenses coverage to pay plaintiff up to $1,000 of her medical expenses. The release raised this figure to $2,000. This, plus the $50 given plaintiff when she signed the release, is sufficient consideration for the release since it is for the parties, not the courts, to determine the amount of consideration (*Lucio* v. *Curran*, 2 N Y 2d 157, 163; 49 N. Y. Jur., Release & Discharge § 12). Further, the fact that only $525.73 was paid to plaintiff, although her bills were greater, may support an action by plaintiff on the release if defendant's refusal to pay amounts to a breach of contract. However, defendant's refusal does not invalidate the release. The burden of proving that the release was based on a mutual mistake of fact is on the plaintiff since she is the party seeking to set the release aside (*Mangini* v. *McClurg*, 24 N Y 2d 556, 563). To sustain her burden of proof plaintiff must show that the parties to the release had a mistaken belief that an existing injury was nonexistent. It is insufficient merely to show that the parties were mistaken as to the future consequences of a known injury (*id.* p. 564). Since plaintiff and the claims adjuster both realized that plaintiff's neck and back were the areas of concern and since, in fact, all medical bills which arose concerned these areas, no mutual mistake of fact occurred sufficient to void the release. Plaintiff's final claim that the release should be voided because of the existence of overreaching by the insurance adjuster and unfair circumstances is also without merit since plaintiff, a teacher who held a masters degree, was an intelligent women who, by her own admission, understood the release and signed it of her own free will in order to prevent defendant from having problems (see *Mangini* v. *McClurg, supra,* p. 566). Further, at an examination before trial plaintiff stated that the only reason that she was dissatisfied was that the insurance carrier refused to pay the remainder of her medical bills. (Appeal from order of Cayuga Trial Term striking affirmative defense of release.) Present. — Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.