■ CLINTON LeMAY et al., Respondents, v H. W. KEENEY, INC., Defendant, and MOBIL CORPORATION et al., Appellants.—

Special Term should have granted Mobil's motion to dismiss plaintiffs' complaint as barred by the release. Where, as here, the language of a release is clear, effect will be given to the intention of the parties as indicated by the language employed and the fact that one of the parties may have intended something else is irrelevant (Matter of Schaefer, 18 NY2d 314, 317; Single v Whitmore, 307 NY 575; 19 NY Jur 2d, Compromise, Accord and Release, § 77, at 425-426). Since at the time he executed the release plaintiff was aware of the injuries for which he now seeks compensation and failed to exclude his personal injury claim from the embrace of the release, the release bars the instant lawsuit and the complaint must be dismissed, whether New York or New Jersey law is applied (see, Mangini v McClurg, 24 NY2d 556; Viskovich v Walsh-Fuller-Slattery, 16 AD2d 67, affd 13 NY2d 1100; Bilotti v Accurate Forming Corp., 39 NJ 184, 204, 184 A2d 24, 35). (Appeal from order of Supreme Court, Ontario County, Wagner, J.—dismiss complaint.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.