■ JERRY G. SPIEGEL et al., Appellants, v EDWARD GNADZINSKI, Doing Business as JACK'S OF ALL TRADES, Respondent. (Appeal No. 1.)—Order reversed on the law without costs and defendant's motion denied. Memorandum: Supreme Court erred by dismissing plaintiff's complaint because a question of fact exists concerning whether plaintiff suffers from an injury unknown at the time of the release or suffers merely from an unanticipated consequence of a known injury *(see, Mangini v McClurg,* 24 NY2d 556).

All concur, except Boomer and Lawton, JJ., who dissent and vote to affirm, in the following memorandum.

Boomer and Lawton, JJ. (dissenting). We would affirm. The only reason advanced by plaintiff in support of his request for equitable relief is that there was a mutual mistake with respect to the extent of his injury. Plaintiff failed, however, to produce evidence in admissible form that the injuries now complained of were sufficiently different from those known to him at the time he executed the settlement agreement *(see, Mangini v McClurg,* 24 NY2d 556, 564; *Marchello v Lenox Hill Hosp.,* 107 AD2d 566, *affd* 65 NY2d 833; *Elson v Delaney,* 47 AD2d 708; *Viskovich v Walsh-Fuller-Slattery,* 16 AD2d 67,

*affd* 13 NY2d 1100; *Potter v Guertze,* 5 AD2d 924). In this regard, no affidavits by qualified medical personnel were submitted in support of plaintiff's contention that a subsequent operation for removal of a herniated thoracic disc was related to the accident. Further, the hospital records submitted by plaintiff indicate that his symptoms may even be caused by an unrelated illness.

Under these facts, Supreme Court was correct in finding that plaintiff failed to meet his heavy burden and properly granted defendant's motion for summary judgment. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J. —summary judgment.) Present—Callahan, J. P., Boomer, Pine, Lawton and Davis, JJ.