■ JERRY G. SPIEGEL et al., Appellants, v EDWARD GNADZINSKI, Doing Business as JACK'S OF ALL TRADES, Respondent. (Appeal No. 2.)—Appeal dismissed as moot without costs. Same memorandum as in *Spiegel v Gnadzinski* ([appeal No. 1] 155 AD2d 899 [decided herewith]).

All concur, except Boomer and Lawton, JJ., who dissent and vote to affirm, in same dissenting memorandum as in *Spiegel v Gnadzinski (supra).* (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present —Callahan, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ LAURENCE PAPAJ et al., Appellants, v RETA SHANNON et al., Doing Business as SHANNON CAMPGROUNDS, Respondents. —Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Although plaintiffs failed to present proof of special circumstances to warrant judicial supervision of disclosure *(see, Di Giovanni v Pepsico, Inc.,* 120 AD2d 413, 414), they are entitled to disclosure of the names and addresses of persons injured in similar accidents, and the dates of those accidents *(see, e.g., Dattmore v Eagan Real Estate,* 112 AD2d 800). Supreme Court therefore erred in failing to grant this relief. (Appeal from order of Supreme Court, Niagara County, Koshian, J.—discovery.) Present—Callahan, J. P., Boomer, Pine, Lawton and Davis, JJ.