■ ANTHONY DI BAGGIO, Respondent, v PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY, Appellant.—In an action to recover benefits allegedly due under a disability insurance

policy, the defendant appeals from an order of the Supreme Court, Kings County (Williams, J.), dated November 19, 1990, which denied its motion for summary judgment dismissing the complaint on the ground that the claims being asserted were barred by a general release previously executed by the plaintiff.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint is dismissed.

The defendant issued a disability insurance policy to the plaintiff in June 1977. After he was injured in 1980, in an automobile accident, the plaintiff filed a claim for disability benefits under the policy. The defendant denied the claim, and in November 1982 the plaintiff commenced an action against the defendant. That action was settled for $100,000, and on February 6, 1987, the plaintiff executed a general release in favor of the defendant releasing it from, *inter alia,* "all actions, causes of action * * * claims, and demands whatsoever [which] the RELEASOR * * * ever had, now have or hereafter can, shall or may, have for * * * any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE, including, but not limited to, all injuries, *sicknesses or diseases existing or claimed to have existed* prior to January 29, 1987, the details of which are set forth in records and reports of physicians or in hospital records dated prior to January 29, 1987" (emphasis supplied).

In April 1990 the plaintiff, who had not worked since 1980, filed a claim for disability benefits under the policy, claiming that since 1988 he had been disabled by multiple sclerosis. The defendant denied the claim, and the plaintiff commenced the present action. After issue was joined, the defendant moved for summary judgment dismissing the complaint, on the ground that the claimed disease (multiple sclerosis) was covered under the release. The defendant claimed that "the settlement was meant to and did encompass multiple sclerosis, which is the subject of this current claim". In support of that assertion, the defendant noted, *inter alia,* that in a proposed amended complaint in the 1982 action, which had been forwarded to the defendant by the plaintiff's former attorneys, the plaintiff asserted that he had been totally disabled since 1980 "as a result of sickness, including but not limited to multiple sclerosis".

The plaintiff opposed the motion, contending, *inter alia,* that although prior to January 29, 1987, certain physicians' reports had indicated that he *might* have multiple sclerosis, the

condition was not, in fact, diagnosed until February 1988, and that although in 1986, the defendant sent claim forms to his former attorneys to fill out with respect to the claimed multiple sclerosis, he never filled out the forms, since he had been informed that he did not have multiple sclerosis.

The defendant's motion was denied and this appeal ensued. We agree with the defendant that the claim being advanced is barred by the release. We therefore reverse the order appealed from, grant the motion, and dismiss the complaint.

The language of the release is broad in its terms. "Such words of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which *might* then have been adjudicated as a result of pre-existent controversies * * * even though no such litigation had then been instigated" *(Lucio v Curran,* 2 NY2d 157, 161-162). At bar, the plaintiff and his attorneys knew of the possible existence of the multiple sclerosis, and, indeed, a letter from the plaintiff's former attorney to the defendant, dated July 2, 1986, stated that "[w]e have been informed that Mr. DiBaggio suffers from multiple sclerosis", and requested the appropriate claim forms. In response, the defendant sent the necessary claim forms to the plaintiff's attorneys. That the plaintiff probably never filled out those forms is irrelevant. "If the parties intentionally embraced in the instrument demands not previously suggested or all subsisting causes of action when only certain of them had been discussed, it would be operative according to its terms and unassailable. Releases and other deeds and written contracts do not differ in this respect. All preliminary negotiations are presumed to be merged in them, and from the time of their execution they must be deemed to be the only competent evidence of the agreement of the parties upon the subjects to which they relate unless avoided by fraud, mistake, duress or some like cause" *(Kirchner v New Home Sewing Mach. Co.,* 135 NY 182, 187-188; *see also, Fleming v Ponziani,* 24 NY2d 105; *Lucio v Curran,* 2 NY2d 157, *supra; Landau v Hertz Drivurself Stas.,* 237 App Div 141).

Here, the facts alleged by the plaintiff do not make out a prima facie case of fraud, and he does not allege duress. Nor has he sufficiently set forth facts which raise a question as to whether there was mutual mistake. Since at the time he executed the release he was aware of the possible existence of the multiple sclerosis, and his attorneys had, in fact, informed the defendant that he had the disease, his failure to exclude

that claim from the embrace of the release leads to the conclusion that the release bars the instant claim *(see, LeMay v H. W. Keeney, Inc.,* 124 AD2d 1026; *Viskovich v Walsh-Fuller-Slattery,* 16 AD2d 67). "If a plaintiff is met by a general release under his seal to the defendant, he cannot set up an exception by parol" *(Kirchner v New Home Sewing Mach. Co.,* 135 NY 182, 188, *supra).* Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.