■ THERESA WILD et al., Respondents, v FINGER LAKES RACING ASSOCIATION, Appellant. [595 NYS2d 590] —Order affirmed with costs. Memorandum: Defendant contends that Supreme Court erred in not dismissing plaintiffs' complaint against defendant Finger Lakes Racing Association, Inc. (Finger Lakes) on the grounds that it was barred by a release. We disagree. In April 1988, plaintiff Theresa Wild was injured when she slipped and fell in the dining room of the Finger Lakes Racetrack where she was working as a waitress. In May 1989, plaintiff entered into a "Confidential Stipulation of Settlement and General Release" that settled an employment discrimination lawsuit against her employer Sportservice, Inc. (Sportservice). In April 1991, plaintiff commenced this action against, *inter alia,* Finger Lakes, seeking to recover damages for the personal injuries she suffered in the 1988 slip and fall. Finger Lakes moved to dismiss the complaint as being barred by the 1989 general release, providing evidence that Finger Lakes is an affiliate of Sportservice and, therefore, within the class of releasees.

Supreme Court properly denied defendant's motion to dismiss. The only named parties and signatories to the release were plaintiff and Sportservice, Inc. The preamble to the "Confidential Stipulation of Settlement and General Release" states that it was the intention of the instrument to settle the existing litigation between the parties, related discrimination charges filed with the EEOC and/or New York State Division of Human Rights, "as well as any and all other disputes and differences that currently exist between the parties" (emphasis added). No mention is made of any claims that plaintiff may have had against other parties. Paragraph 8 of the stipulation, upon which defendant bases its claim of release, states: "As a material inducement to Sportservice to enter into this Stipulation of Settlement and General Release, Plaintiff Theresa Wild hereby irrevocably and unconditionally releases, acquits and forever discharges Sportservice and each of Sportservice's stockholders, predecessors, successors, assigns,

agents, directors, officers, employees, former employees, representatives, attorneys, divisions, subsidiaries, parents, affiliates (and agents, directors, officers, employees, representatives and attorneys of such divisions, subsidiaries, parents, and affiliates), and all persons acting by, through under or in concert with any of them (collectively 'Releasees'), and any of them, for any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including any and all claims for attorneys' fees and costs actually incurred), of any nature whatsoever, known or unknown (collectively 'claim' or 'claims'), which Plaintiff Theresa Wild now has, owns, or holds, or claims to have, own, or hold, or which Plaintiff Theresa Wild at any time heretofore from the beginning of the world to the date of these presents had, owned, or held, or may have had, owned or held against each or any of the Releasees."

It is unreasonable to conclude that the parties, as a condition of the release, intended that plaintiff release all her existing unrelated claims against conceivably hundreds of named and unnamed corporations, stockholders, employees, former employees, etc. A reasonable interpretation of the instrument, rather, is that plaintiff released all claims that relate to the settled claim against all of the aforementioned entities and individuals.

That result comports with *Wells v Shearson Lehman/Am. Express* (72 NY2d 11, *rearg denied* 72 NY2d 953). In *Wells,* the Court of Appeals upheld a release between the named parties and "anyone else" for any claims arising out of the subject of the dispute between the parties *(supra,* at 24, n). Nor does this Court's decision in *LeMay v H. W. Keeney, Inc.* (124 AD2d 1026, *lv denied* 69 NY2d 607) compel a different result. In *LeMay,* the clear wording of the general release provided that plaintiff discharged Mobil of all claims then in existence. The release specifically put plaintiff on notice that he was releasing any and all of his claims against Mobil. Plaintiff, by signing the release, did not release unknown third parties of any existing claims plaintiff may have had against them.

Consequently, it is permissible for a party to release all persons from specific claims, and for a party to release named parties from all claims, but the law will not infer an intent for a party to release all persons, known and unknown, from all claims.

All concur, except Doerr, J., who dissents and votes to reverse in the following Memorandum.

Doerr, J. (dissenting). Because I believe that plaintiff's complaint is barred by the general release, I must dissent. Where the language of a release is clear, it is this Court's obligation to give effect "to the intention of the parties as indicated by the language employed and the fact that one of the parties may have intended something else is irrelevant" *(LeMay v H. W. Keeney, Inc.,* 124 AD2d 1026, 1027, *lv denied* 69 NY2d 607; *see also, Matter of Schaefer,* 18 NY2d 314, 317; *Northrup Contr. v Village of Bergen,* 129 AD2d 1002, 1003; 19 NY Jur 2d, Compromise, Accord and Release, § 77, at 425-426). The language of the general release could not be more clear. Plaintiff agreed to release any and all claims she possessed, not just against her employer, Sportservice, but against an ascertainable class of releasees, including affiliates of Sportservice. The releasees are clearly identified in paragraph eight. There is no doubt that plaintiff's slip and fall claim existed at the time she executed the release, and defendant Finger Lakes presented unrebutted evidence demonstrating that it fell within the class of releasees defined in paragraph eight. Plaintiff was represented by counsel throughout the settlement negotiations, and there is no hint of fraud in the inducement or overreaching in the execution of the release. (Appeal from Order of Supreme Court, Ontario County, Curran, J.—Summary Judgment.) Present—Callahan, J. P., Green, Balio, Lawton and Doerr, JJ.