■ THOMAS DEQUATRO, Respondent, v ZHEN YU LI, Appellant, et al., Defendants. [621 NYS2d 369] —In an action to recover damages for personal injuries, the defendant Zhen Yu Li appeals from an order of the Supreme Court, Queens County (Price, J.), dated March 8, 1993, which, upon denying his motion for summary judgment dismissing the complaint insofar as it is asserted against him, after a hearing, granted the plaintiff's cross motion to strike his affirmative defense asserting general release and accord and satisfaction.

Ordered that the order is reversed, on the law, with costs, the plaintiff's cross motion is denied, the affirmative defense is reinstated, the motion of the defendant Zhen Yu Li for summary judgment is granted, the complaint is dismissed insofar as it is asserted against the defendant Zhen Yu Li, and the action against the remaining defendants is severed.

Following a two-car collision in which the plaintiff's car was a total loss, the appellant Zhen Yu Li's insurer, American Colonial Insurance Company, acknowledged its insured's liability and offered the plaintiff $5500 to settle the matter. The plaintiff accepted the money and signed a general release in favor of the appellant. The plaintiff subsequently commenced this action to recover damages for personal injuries, claiming that the release covered property damage only. The appellant moved for summary judgment dismissing the complaint against him on the basis of the release. The court denied the motion and subsequently ruled, after a hearing, that because the language of the release was ambiguous as to whether bodily injury was within its scope, it did not bind the plaintiff on that issue.

We disagree. The release signed by the plaintiff contained broad all-inclusive language and was set out in clear and unmistakable terms. It provided that the plaintiff "releases and discharges * * * [the] releasee * * * from all actions, causes of action, suits, debts, dues, sums of money * * * controversies * * * trespasses, damages, judgments, extents, executions, claims, and demands whatsoever * * * which against the releasee, the releasor * * * ever had, now have, or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this release". Additionally, handwritten at the bottom of the release was the phrase: "full

and final settlement of any and all claims". Such language was plain and unambiguous and the plaintiff having wilfully subscribed to the release cannot now avoid the obligation by merely stating that he erred in understanding its terms (see, Touloumis v Chalem, 156 AD2d 230, 232).

Moreover, the record does not support the plaintiff's claim that the parties were mutually mistaken as to the nature and extent of the plaintiff's injuries at the time the release was executed.

The plaintiff received treatment at a hospital, was under the care of an orthopedic surgeon, and had been given a CAT scan, all for complaints of lower back pain. Additionally, the plaintiff had been out of work for two weeks as a result of his back injury, all of this occurring prior to his execution of the general release. It cannot be said on this record that the plaintiff's herniated disc constituted an unknown injury warranting vacatur of the release (Colonel v Targee Contr. Co., 65 AD2d 720). Rather, the proof indicated either a mistake as to the consequences or future course of a known back injury, and thus, was insufficient to vacate the general release (Mangini v McClurg, 24 NY2d 556; Viskovich v Walsh-Fuller-Slattery, 16 AD2d 67, affd 13 NY2d 1100). O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.