■ Margaret Wirhowski et al., Respondents, v Hudson Armored Car & Courier Service, Inc., et al., Appellants. [633 NYS2d 603] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Barone, J.), dated April 5, 1994, as, denied the defendants' motion to amend their answer and for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion for leave to amend their answer and for summary judgment is granted, and the complaint is dismissed.

The injured plaintiff Margaret Wirhowski alleges that, on March 5, 1993, she sustained damage to her knee when a car she was driving was struck by an armored car owned by the defendant Hudson Armored Car & Courier Service, Inc. (hereinafter Hudson Armored Car) and being driven by the defendant Eyab Abbassi. After she was examined by several physicians, however, a consensus formed that her injuries were not serious. Indeed, the plaintiffs consulted several law firms, all of which declined the case on the ground that it involved injuries insufficient to meet the threshold injury requirements of the no-fault insurance laws. Accordingly, on July 7, 1993, the plaintiffs, upon the advice and in the presence of their attorney, signed a Release and Settlement of Claim (hereinafter the gen-

eral release) in favor of the defendants for the consideration of $1,350. The general release stated, *inter alia,* that the defendants were released: "from any and all action *[sic],* causes of action, claims and demands, damages, costs, loss of services, expenses and compensation on account of or in any way growing out of any and all known and unknown personal injuries and property damage resulting or to result from a loss which occurred on or about March 5, 1993". However, after the general release was signed, Margaret Wirhowski began to suffer gradually increasing discomfort in the injured knee. Accordingly, in August of 1993, she consulted with additional doctors and learned that her knee injury was more serious than first apparent and that she would need surgery. Pursuant to this information, the plaintiffs retained the law firm of Dupee & Orloff. The surgery was performed in January 1994.

By summons and complaint dated September 9, 1993, the plaintiffs commenced suit against the defendants. In response, the claims examiner for the insurer of the defendant Hudson Armored Car, American International Adjustment Company (hereinafter AIAC), informed Dupee & Orloff, by letter dated September 21, 1993, that the plaintiffs had executed a general release regarding the injury at issue. A copy of the release was attached to the letter. Further, the existence of a general release was reiterated by AIAC to counsel for the plaintiffs during a November 1993 telephone call. The plaintiffs' attorneys, however, arguing, *inter alia,* that the general release was voidable under the doctrine of mutual mistake, pressed the suit. Accordingly, on December 27, 1993, issue was joined when the defendants served their answer. However, despite the prior letter and telephone call, the defendants failed to assert the general release as an affirmative defense. After various discovery had been completed, the defendants, by notice of motion dated February 14, 1994, moved to amend their answer to assert the affirmative defense of general release and for summary judgment dismissing the complaint. In response, the plaintiffs, by notice of motion dated February 24, 1994, cross-moved, *inter alia,* to dismiss the defendants' proposed affirmative defense of general release and for summary judgment on the issue of liability.

By order dated April 5, 1994, the court, *inter alia,* denied the defendants leave to amend their pleadings and denied summary judgment to either party based on the existence of issues of material fact. We now reverse the order insofar as it denied the defendants' motion for leave to amend their answer and for summary judgment.

It is well settled that, absent prejudice or surprise to the opposing party, leave to amend pleadings is to be "freely given" (CPLR 3025 [b]; *see also, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755). Here, the plaintiffs were neither surprised nor prejudiced by the defendants' delayed assertion of the plaintiffs' general release as an affirmative defense. Accordingly, the branch of the defendants' motion which was for leave to amend their answer should have been granted.

Moreover, the branch of the defendants' motion which was for summary judgment should have also been granted. Here, it cannot be disputed that the knee injury at issue was known at the time the general release was signed, in that the knee was specifically X-rayed just after the alleged accident. Thus, the plaintiffs' only argument can be that the parties were mutually mistaken as to the extent of the damage when the release was signed. However, the Court of Appeals has stated in connection with the application of the doctrine of mutual mistake to releases in personal injury actions: "A mistaken belief as to the nonexistence of presently existing injury is a prerequisite to avoidance of a release * * *. If the injury is known, and the mistake, it has been said, is merely as to the consequence, future course, or sequelae of a known injury, then the release will stand" *(Mangini v McClurg,* 24 NY2d 556, 564; *see also, DeQuatro v Zhen Yu Li,* 211 AD2d 609). Here, the general release should have been given effect and the plaintiffs' complaint dismissed. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.