■ FAUSTINO G. GALATIOTO, Respondent-Appellant, v BILL HANES et al., Appellants-Respondents. [637 NYS2d 888] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for personal injuries sustained in a motor vehicle accident, and defendants moved to dismiss the complaint upon the ground of release *(see,* CPLR 3211 [a] [5]). Six weeks after the accident, plaintiff had agreed to accept the sum of $1,000 from defendants' insurer and had signed a general release relinquishing "any and all claims * * * and causes of action * * * arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof". Prior to signing that release, plaintiff had applied for no-fault benefits, indicating that he had low back pain, a stiff neck and numbness and tingling in his legs and arms. Also, his treating chiropractor had examined X-rays of the cervical and lumbar areas of the spine, had performed three chiropractic adjustments for the back injury and had diagnosed the injury as cervical hyperflexion, hyper-extension and lumbar subluxation complex. Two months after the release was signed, an MRI revealed that plaintiff had a small midline herniation of the disc at L4-L5. Supreme Court refused to dismiss plaintiff's claim for the "herniated disc and its sequelae" and implicitly dismissed the remaining claims for personal injuries.

We conclude that the court should have dismissed the complaint in its entirety, and thus, we modify the order on appeal by dismissing the claim for the herniated disc injury and its sequelae. The release unequivocally releases any claim plaintiff may have had for all "known and unknown", "foreseen and unforeseen" bodily and personal injuries. The contention of plaintiff that he did not intend to release his claims for personal injuries does not warrant vacating the release *(see, LeMay v H. W. Keeney, Inc.,* 124 AD2d 1026, 1027, *lv denied* 69

NY2d 607). Further, plaintiff has failed to show that he lacked the competence to understand the nature and meaning of the release *(see, Sofio v Hughes,* 162 AD2d 518, *lv denied* 76 NY2d 712) or that, at the time the release was signed, the parties were mistaken concerning the nature and extent of his injury. Plaintiff knew that he had a back injury that involved numbness and tingling in his legs and arms, and he was undergoing a series of chiropractic treatments for his back injury when he signed the release. The small herniation of a disc in the lumbar area of his spine revealed by the MRI was not a different injury; it was a consequence, or sequela, of the known injury *(see, Viskovich v Walsh-Fuller-Slattery,* 16 AD2d 67, *affd* 13 NY2d 1100; *Acevedo v City of New York,* 15 AD2d 899, *affd* 17 NY2d 843; *Wirhowski v Hudson Armored Car & Courier Serv.,* 221 AD2d 523; *DeQuatro v Zhen Yu Li,* 211 AD2d 609; *Coyle v Barker,* 173 AD2d 756; *Colonel v Targee Contr. Co.,* 65 AD2d 720; *Elson v Delaney,* 47 AD2d 708; *cf., Mangini v McClurg,* 24 NY2d 556, 564-565). (Appeals from Order of Supreme Court, Erie County, Michalek, J.—Dismiss Complaint.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.