■ JOHN FARACY, Respondent, v McGRAW EDISON CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. INTEDGE INDUSTRIES, Third-Party Defendant-Appellant; LENTO'S BAR AND RESTAURANT, Third-Party Defendant-Respondent. [645 NYS2d 532] —In an action to recover damages for personal injuries, the third-party defendant Intedge Industries appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 19, 1995, as denied that branch of its cross motion which sought leave to amend its third-party answer.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, that branch of the appellant's cross motion which sought leave to amend its third-party answer is granted, and the appellant's amended third-party answer is deemed served.

In February 1994 the appellant first moved to amend its third-party answer. The papers were rejected by the court because the matter had been marked "disposed" and subsequently dismissed pursuant to CPLR 3404. By September 1994 the matter was restored to the calendar. On April 12, 1995, the appellant cross-moved for leave to amend its third-party answer. The cross motion was denied in its entirety.

It is well settled that absent prejudice or surprise, leave to amend the pleadings is to be freely given. The determination as to whether to grant leave to amend is committed in the first instance to the sound discretion of the trial court, to be determined on a case-by-case basis *(see, Wirhowski v Hudson Armored Car Serv.,* 221 AD2d 523; *Skinner v Scobbo,* 221 AD2d 334). Here, the defendants third-party plaintiffs failed to show how they would be prejudiced by the granting of the amendments sought by the appellant. Further, it is clear that the defendants third-party plaintiffs were aware that the appellant was seeking leave to amend its third-party answer. Under these circumstances, it was an improvident exercise of discretion to have denied that branch of the appellant's cross motion which sought leave to amend its third-party answer. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.