■ LORETTA PRESSLEY, Appellant, v ROCHESTER CITY SCHOOL DISTRICT et al., Respondents. [652 NYS2d 191] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion to dismiss the complaint based on a general release executed by plaintiff on March 18, 1994, releasing defendants from any liability arising out of a collision between her automobile and a school bus owned by defendant National School Bus, Inc., that occurred on February 28, 1994.

It is well settled that "a general release is governed by principles of contract law" and where, as here, the release is challenged on the ground of mutual mistake, the party challenging it "must sustain the burden of persuasion if he is to establish that the general language of the release, valid on its face and properly executed, is to be limited because of a mutual mistake, or otherwise does not represent the intent of the parties" (*Mangini v McClurg,* 24 NY2d 556, 562, 563; *see, Hill v St. Clare's Hosp.,* 67 NY2d 72, 84; *Best v Yutaka,* 231 AD2d 539). "A mistaken belief as to the nonexistence of presently existing injury is a prerequisite to avoidance of a release" (*Mangini v McClurg, supra,* at 564).

Here, the release unequivocally releases any claim plaintiff may have had for all "known and unknown, foreseen and unforeseen bodily and personal injuries". The record establishes that, at the time she executed the release, plaintiff knew of her injury; she was undergoing medical treatment for her injury and had been out of work for several days. Where, as here, plaintiff knew of the injury for which she now seeks to recover at the time she executed the general release, but the alleged mistake is to a consequence, future course or sequela of the known injury, the release must stand (*see, Galatioto v Hanes,* 224 AD2d 923; *DeQuatro v Zhen Yu Li,* 211 AD2d 609, 610; *LeMay v H. W. Keeney, Inc.,* 124 AD2d 1026, *lv denied* 69 NY2d 607).

The assertion by plaintiff that she did not read the release before executing it does not provide a basis to set it aside. A party is under an obligation to read a document before executing it and cannot avoid its effect by asserting that he or she did not read it or know its contents (*see, Best v Yutaka, supra; Martino v Kaschak*, 208 AD2d 698, *lv denied* 86 NY2d 703).

Lastly, plaintiff has failed to establish that the settlement was not what was intended and thus, there is no merit to her contention that the release should be set aside because it violated New York State Insurance Department Regulations that prohibit an insurer from requiring a party to execute a release that is broader than the scope of the parties' settlement. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Dismiss Complaint.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.