■ MURIEL M. VERSTREATE, Appellant, v LAURA A. COHEN, Respondent. (Appeal No. 1.) [662 NYS2d 337] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint in this personal injury action as barred by a release signed by plaintiff and denied plaintiff's cross motion to dismiss the affirmative defense of release. It is well settled that "a general release is governed by principles of contract law" (*Mangini v McClurg*, 24 NY2d 556, 562). Plaintiff failed to raise an issue of fact whether, at the time of signing the release, she lacked the mental capacity or competence to understand the nature and meaning of her negotiations with the claims adjuster and the consequences of the release (see, *Galatioto v Hanes*, 224 AD2d 923, 924; *Blatt v Manhattan Med. Group*, 131 AD2d 48, 51-52).

Plaintiff also failed to raise an issue of fact whether there was a mutual mistake concerning the existence of unknown injuries. Where a release is "challenged on the ground of mutual mistake, the party challenging it 'must sustain the burden of persuasion if he is to establish that the general language of the release, valid on its face and properly executed, is to be limited because of a mutual mistake, or otherwise does not represent the intent of the parties' " (*Pressley v Rochester City School Dist.*, 234 AD2d 998, quoting *Mangini v McClurg*, supra, at 563). Plaintiff failed to establish that the parties to the release labored under "[a] mistaken belief as to the nonexistence of presently existing injury"

(*Mangini v McClurg, supra*, at 564), a prerequisite to avoidance of the release. The release in this case releases defendant from any liability "on account of all injuries, known and unknown * * * which have resulted or may in the future develop" from the accident. Immediately following her automobile accident, plaintiff received emergency medical treatment for a fractured right wrist and thumb, a sore right knee, and severe pain in her chest. When plaintiff executed the release six days later, she was unaware that she had two cracked ribs. Further, plaintiff later developed carpal tunnel syndrome, secondary to her wrist fracture, in addition to pain in her right arm and shoulder. On this record, it cannot be said that plaintiff's cracked ribs, carpal tunnel syndrome, and arm and shoulder pain constituted unknown injuries warranting vacatur of the release (*see, Galatioto v Hanes, supra*, at 924). Rather, those injuries were consequences or sequelae of known injuries (*see, Galatioto v Hanes, supra*, at 924; *see also, Viskovich v Walsh-Fuller-Slattery*, 16 AD2d 67, 69, *affd* 13 NY2d 1100; *DeQuatro v Zhen Yu Li*, 211 AD2d 609, 610).

Finally, plaintiff failed to raise an issue of fact concerning the existence of fraud or overreaching by the claims adjuster, who allegedly misrepresented the meaning of the release to plaintiff. Plaintiff admitted that she did not read the release before signing it (*see, Sofio v Hughes*, 162 AD2d 518, 520-521, *lv denied* 76 NY2d 712). (Appeal from Judgment of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Boehm and Fallon, JJ.