■ JEROME A. GOODE, Appellant, v DREW BUILDING SUPPLY, INC., et al., Respondents. [697 NYS2d 417] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion to dismiss the amended complaint and denied plaintiff's cross motion for summary judgment. The causes of action alleging age discrimination in violation of Executive Law § 296 are barred by the release executed by plaintiff upon termination of his employment. We reject the contention that the validity of that release is to be determined in accordance with the standards set forth in the Older Worker Benefit Protection Act (29 USC § 626 [f]; *see, Dewey v PTT Telecom Netherlands, U. S.,* 1995 WL 542447, 1995 US Dist LEXIS 13134 [SD NY, Sept. 12, 1995, Baer, J.], *affd* 101 F3d 1392) or the totality of the circumstances standard applicable to Federal discrimination claims (*see, Lambertson v Kerry Ingredients,* 50 F Supp 2d 163, 168; *Nicholas v NYNEX, Inc.,* 929 F Supp 727, 733; *see also, Skluth v United Merchants & Mfrs.,* 163 AD2d 104, 106). Rather, the release is a contract "whose interpretation is governed by principles of contract law" (*Metz v Metz,* 175 AD2d 938, 939; *see, Stone v National Bank & Trust Co.,* 188 AD2d 865, 867). "Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed (*see, Stone v National Bank & Trust Co.* * * * [supra]; *Metz v Metz* * * * [supra]; *see also, Mangini v McClurg,* 24 NY2d 556, 562)" (*Cramer v Newburgh Molded Prods.,* 228 AD2d 541, *lv denied* 89 NY2d 803). The release of defendants from all causes of action arising out of or related to plaintiff's employment, including any arising from the Executive Law, bars the causes of action alleging age discrimination under the Executive Law (*see, Cramer v Newburgh Molded Prods., supra; Stone v National Bank & Trust Co., supra,* at 867-868). Plaintiff cannot avoid the effect of this "plain and unambiguous" release on the ground that he did not understand its terms (*Koster v Ketchum Communications,* 204 AD2d 280, *lv dismissed* 85 NY2d 857) or that he failed to consult an attorney before signing it (*see, Skluth v United Merchants & Mfrs., supra,* at 107). Nor is the alleged breach of defendants' obligation to provide outplacement services under the terms of the release a ground for invalidating the release (*see, Post v Thomas,* 212 NY 264, 274, *rearg denied* 212 NY 585; *Elson v Delaney,* 47 AD2d 708, 709). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Dismiss

Pleading.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.