■ Charles L. Mason et al., Plaintiffs, v Flager Park Estates, Defendant, and Otis Elevator Company, Defendant and Third-Party Plaintiff-Respondent. Park 36th Garage Corp., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [748 NYS2d 680] —In an action to recover damages for personal injuries, etc., the second third-party defendant appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated October 9, 2001, which denied its motion for summary judgment dismissing the second third-party complaint, or, in the alternative, for leave to serve an amended second third-party answer.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof denying that branch of the motion which was for leave to serve an amended second third-party answer so as to include an affirmative defense of contractual indemnification, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The second third-party defendant, Park 36th Garage Corp. (hereinafter Park), failed to come forward with sufficient proof that it was not the injured plaintiff's employer and that it did not bear any responsibility for his accident. Since Park failed to meet its burden of establishing its right to judgment as a matter of law, the Supreme Court correctly denied that branch of its motion which was for summary judgment dismissing the second third-party complaint (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

However, the Supreme Court improvidently exercised its discretion in denying that branch of Park's motion which was for leave to amend its second third-party answer to assert an affirmative defense of contractual indemnification. The indemnification agreement under which Park claims to be a third-party beneficiary is ambiguous, and it cannot be said as a matter of law that the agreement does not include indemnification of Park as tenant of the owner of the premises (*see Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191). No prejudice or surprise resulted from the delay, and the proposed amendment is neither totally devoid of merit nor palpably insufficient as a matter of law (*see Fahey v County of Ontario,* 44 NY2d 934, 935; *Jordan v Aviles,* 289 AD2d 532, 533; *Postler v Hassan,* 278 AD2d 467, 468; *Faracy v McGraw Edison Corp.,* 229 AD2d 463, 464). S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.