PER CURIAM.
Affirmed. See Cahill v. Regan, 5 N.Y.2d 292, 184 N.Y.S.2d 348, 157 N.E.2d 505 (N.Y. 1959) (holding that, in construing the meaning and coverage of a general release, the court must consider the controversy being settled and the purpose for which the release was actually given); Glassberg v. Lee, 82 A.D.3d 836, 918 N.Y.S.2d 554, 555 (2011) (holding: "While the meaning and scope of a release are determined within the context of the controversy being settled, a release cannot be read to cover matters which the parties did not intend to dispose of, and unless it is shown that a specified matter was in dispute at the time a purported release was given, it cannot be held to bar the releasor's rights as to that matter") (internal citations omitted); Wild v. Finger Lakes Racing Ass'n, 191 A.D.2d 995, 595 N.Y.S.2d 590, 591 (1993) (holding that "the law will not infer an intent for a party to release all persons, known and unknown, from all claims").