■ ROSE JOCHNOWITZ, Appellant, v RUSSELL SAGE COLLEGE et al., Respondents.—Mahoney, P. J. Appeal (1) from an order of the Supreme Court (Prior, Jr., J.), entered January 7, 1987 in Albany County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff was employed by defendant Junior College of Albany (JCA), a division of defendant Russell Sage College, as a full-time tenured economics professor from 1967 until August 19, 1981, the date she turned 65 years of age. For the 1981-1982 academic year, plaintiff accepted a one-year contract of employment and became a ¾-time faculty member teaching six courses per year. Plaintiff thereafter commenced several State and Federal actions alleging discrimination. Specifically, in November 1983, plaintiff commenced an action in Federal court claiming the JCA had discriminated against her on account of age and sex in reducing her employment status. All actions except this November 1983 Federal action were dismissed. Subsequently, plaintiff executed a settlement agreement wherein she agreed to discontinue her Federal action and, in return, JCA agreed to continue plaintiff's employment as an adjunct instructor teaching six courses per year until August 19, 1986, the date she turned 70 years of age.

In January 1986, prior to the expiration of her employment under the settlement agreement, plaintiff met with several officials of JCA who allegedly informed her that her employment would not be continued beyond August 19, 1986 because JCA had a policy of not employing faculty members after their 70th birthday. In March 1986, plaintiff commenced this action against JCA, Russell Sage College and several officials of those institutions alleging violations of the State Human Rights Law. After the action was commenced, JCA offered plaintiff an opportunity to teach one course during the fall 1986 semester. Plaintiff accepted the offer. Thereafter, defendants moved for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment in her favor. Supreme Court denied plaintiff's cross motion, granted defen-

dants' motion and dismissed the complaint. This appeal by plaintiff ensued.

The order must be reversed insofar as it granted defendants summary judgment. The settlement agreement clearly states that JCA "shall continue employment of [plaintiff] as an adjunct professor until she attains the age of seventy (70)". The agreement also states that plaintiff released JCA and the other defendants from: "any and all manner of action and causes of action * * * which now exist or may hereinafter arise from any matter * * * or thing whatsoever occurring * * * from the beginning of the world to the day of the date of these presents". In construing a general release it is appropriate to look to the controversy being settled and the purpose for which the release was executed (*Cahill v Regan,* 5 NY2d 292, 299). It is clear from a reading of the settlement agreement that plaintiff released JCA from her age discrimination claim in exchange for its promise to employ her until she turned 70 years of age. However, the agreement does not expressly state that plaintiff would not be employed after she became 70 years of age. When plaintiff reached 70 years of age, JCA was no longer required to retain her pursuant to the settlement agreement. At that point, JCA was free to offer plaintiff a teaching position or to refuse to do so based on certain legitimate factors. Plaintiff alleges that certain officials told her that she would not be retained because JCA had a policy of not hiring professors over 70 years of age. Defendants do not deny that this statement was made. It is this statement which plaintiff alleges was the discriminatory act. Such claim is not barred by the settlement agreement. Since there exist triable issues of fact regarding plaintiff's claim of discrimination, summary judgment is not appropriate.

Further, it appears that the provisions of the Human Rights Law relied on by plaintiff herein were not effective until after the settlement was negotiated. Thus, plaintiff cannot be said to have waived rights which were not yet in existence.

We also reject any claim that plaintiff's action was rendered moot by her acceptance of an offer to teach one course during the fall 1986 semester. Plaintiff's claim concerns continued employment beyond her 70th birthday, not simply employment for one semester.

Order and judgment modified, on the law, with costs, by reversing so much thereof as granted defendants' motion and dismissed the complaint; defendants' motion denied; and, as so modified, affirmed. Mahoney, P. J., Weiss, Yesawich, Jr., and Harvey, JJ., concur.