■ FERDINAND METZ, Respondent, v LINDA METZ, Appellant. —Per Curiam. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered April 16, 1990 in Dutchess County, which denied defendant's motion to enforce a judgment of divorce.

The parties were married in July 1965 and plaintiff commenced an action for divorce in April 1985. After more than one year of litigation and negotiations, the parties entered into a stipulation in open court in January 1987 which merged into a judgment of divorce dated February 26, 1987. This judgment provided, in pertinent part, that (1) in exchange for defendant's interest in certain real property located in the Town of Hyde Park, Dutchess County, plaintiff will pay defendant $500,000 on June 1, 1987 and $1 million on July 4, 1987, subject to defendant vacating the marital premises by July 4, 1987, and (2) "plaintiff shall convey to the defendant a security interest in the property in Hyde Park in

the face amount of $150,000.00 payable to defendant upon plaintiff's *[sic]* conveying more than fifty (50%) percent of his present equitable interest in said property * * *. This security interest or mortgage shall be at no interest." Although defendant vacated the marital premises before July 4, 1987, plaintiff did not pay defendant the $1.5 million as provided by the judgment.

After numerous motions and additional litigation, the parties entered into a second stipulation in open court in July 1988 which merged into a judgment dated October 17, 1988. This judgment provided, in pertinent part, that (1) plaintiff will pay defendant $200,000 immediately, interest-only payments of $8,536.13 each month for two years beginning August 1, 1988, and approximately $1.2 million on August 1, 1990, (2) the parties would execute general releases, and (3) "in all other respects, the Judgment of Divorce, dated February 26, 1987, shall remain in full force and effect". Defendant's general release provided that "[t]his Release shall be effective as of October 17, 1988, forever releasing [plaintiff] from any and all outstanding litigation, motions and claims up to and including July 14, 1988".

By order to show cause dated March 9, 1989, defendant moved for an order declaring that plaintiff was in default of his obligation to provide a security interest to her in the amount of $150,000 in accordance with the judgment of divorce dated February 26, 1987. Plaintiff opposed the motion, asserting that defendant's general release encompassed said interest and that the parties' second stipulation included said security interest. After determining that an ambiguity existed, Supreme Court ordered a hearing to determine the question of whether said security interest survived the October 17, 1988 judgment and defendant's general release. After a hearing, the court found that the security interest did not survive said judgment or release. This appeal by defendant ensued.

The sole issue on this appeal is whether the parties intended the security interest to be included in defendant's general release. Releases are contracts whose interpretation is governed by principles of contract law. Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed *(see, Dury v Dunadee,* 52 AD2d 206, 208, *appeal dismissed* 40 NY2d 845). In construing a general release it is appropriate to look to the controversy being settled and the purpose for which the release was executed *(see, Jochnowitz v Russell Sage Coll.,* 136 AD2d 822, 823). However, "a release may not be read to cover

matters which the parties did not desire or intend to dispose of" *(Cahill v Regan,* 5 NY2d 292, 299). It is for the court to determine, in the first instance, whether language in a contract is ambiguous and susceptible of two or more reasonable interpretations *(Klein v Empire Blue Cross & Blue Shield,* 173 AD2d 1006). Upon review of defendant's release, we conclude that the release is not ambiguous and that the interpretation of that instrument in the circumstances of this case is an issue to be decided by this court.

Regardless of whether the $150,000 was due and payable when defendant executed the general release in October 1988, the 1987 judgment of divorce required plaintiff to convey to defendant a security interest in certain property, and the record establishes that when she executed the general release defendant was aware that plaintiff had not complied with this requirement. Defendant's right to enforce plaintiff's compliance with the provision of the judgment calling for the conveyance of the security interest was in existence when she executed the general release, and such a release "will bar suit on any cause of action arising prior to the date of its execution and delivery, in the absence of fraud or other vitiating circumstances in its inducement or execution" *(Matter of O'Hara,* 85 AD2d 669, 671). Therefore, as long as defendant's release remains extant, it is a complete defense to defendant's cause of action seeking to enforce the security interest provision of the 1987 judgment. Accordingly, Supreme Court's order denying defendant's motion should be affirmed.

Casey, J. P., Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.