■ CHARLES L. GREENEBAUM, Appellant, v HERBERT L. BARTHMAN, Respondent. [620 NYS2d 954] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 27, 1994, which denied plaintiff's motion seeking to strike the defendant's pleadings pursuant to CPLR 3126 and for other relief based upon a failure to appear for a deposition upon oral examination and to provide answers to interrogatories, and which granted defendant's cross-motion for summary judgment pursuant to CPLR 3212 dismissing the plaintiff's complaint, unanimously affirmed, with costs.

The IAS Court properly granted summary judgment dismissing the underlying action against the defendant, the executor of the estate of the plaintiff's deceased mother, seeking to recover on a promissory note allegedly executed by the decedent, as barred by an agreed order, entered by the Circuit Court of Cook County, Illinois, on November 24, 1992, wherein the parties herein agreed, inter alia, to "waive and release any and all claims each may have against the other, in an individual capacity or under title of office".

The record reveals that defendant established entitlement to judgment in his favor, as a matter of law, by tendering sufficient evidence, including the agreed order, to eliminate any material issue of fact from the case (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853), and that the plaintiff failed to produce evidentiary proof in admissible form, including the purported promissory note, sufficient to establish the existence of material issues of fact requiring a trial with respect to whether the parties intended their release to encompass the decedent's obligation on the promissory note (Zuckerman v City of New York, 49 NY2d 557, 562).

On a motion for summary judgment, the construction of an unambiguous written release, which is a form of contract

whose interpretation is governed by principles of contract law, is for the court to pass on, and circumstances extrinsic to the agreement or varying interpretations of the provisions will not be considered where, as here, the intention of the parties can be gathered from the instrument itself *(Metz v Metz,* 175 AD2d 938, 939-940).

Nor did the IAS Court abuse its discretion in denying plaintiff's discovery requests, where, as here, plaintiff failed to establish that facts essential to justify opposition to summary judgment, exclusively within the knowledge of the moving party, may exist *(Terranova v Emil,* 20 NY2d 493, 497). Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Nardelli, JJ.