■ BERNARD ZILINSKAS et al., Plaintiffs, v WESTINGHOUSE ELECTRIC CORPORATION, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. OAK MITSUI, INC., Third-Party Defendant-Appellant. [669 NYS2d 703] —Mercure, J. P. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 24, 1997 in Rensselaer County, which, *inter alia*, denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

Defendant Westinghouse Electric Corporation contracted to install a "busway" system to distribute electric power from outside transformers to switch gear assemblies situated within a manufacturing facility operated by third-party defendant, Oak Mitsui, Inc. The busway system was completed and put into service in March 1991. During the following months, the system failed on four separate occasions, in each case causing Oak Mitsui to sustain property damage and production losses. In June 1991, Oak Mitsui demanded that the busway system be removed and replaced with an entirely different type of electrical system. As an interim measure, Westinghouse installed a temporary cable system like the one Oak Mitsui had employed prior to installation of the busway system. The temporary cable system was energized on June 16, 1991; on June 22, 1991 a fire broke out in it. Ultimately, both the busway and interim systems were dismantled and replaced with a new permanent pipe and conduit system.

Subsequently, Oak Mitsui (and its insurance carrier) demanded that Westinghouse pay for property damage and business interruption losses resulting from the five incidents, and Westinghouse in turn asserted a claim for unpaid invoices in connection with the installation of the pipe and conduit system. The parties entered into settlement negotiations and ultimately came to terms and exchanged releases in December 1992. Under the terms of the settlement, Westinghouse was to pay Oak Mitsui $800,000 on its $2,554,000 claim for property

damage and loss of production and Oak Mitsui was to pay Westinghouse $225,000 on $530,255 in unpaid invoices for installation and supply of the pipe and conduit system, new switch gear equipment and outdoor substations that were installed in late June and July 1991. The release from Westinghouse to Oak Mitsui (hereinafter the Westinghouse release), which is at issue here, acknowledged the settlement of Westinghouse's claim for payment on six specified invoices for $225,000 and provided that Westinghouse would release Oak Mitsui "from all claims of any kind or nature relating to the installation of a busway at [Oak Mitsui's facility], including all claims for payment of the [six identified invoices]".

In May 1994, plaintiffs commenced this action against Westinghouse and one of its subcontractors to recover for injuries allegedly sustained by plaintiff Bernard Zilinskas (hereinafter plaintiff), an Oak Mitsui employee, while evacuating the premises on the occasion of the June 22, 1991 fire. Westinghouse then brought a third-party action for contribution against Oak Mitsui, alleging that its negligence caused plaintiff's injury. Following discovery, Oak Mitsui moved for summary judgment dismissing the third-party complaint upon the ground that the Westinghouse release encompassed any and all claims arising out of the June 22, 1991 fire. Westinghouse opposed the motion and cross-moved for summary judgment striking Oak Mitsui's affirmative defense of release. Oak Mitsui thereafter brought a separate motion to dismiss the third-party complaint based upon the Omnibus Workers' Compensation Reform Act of 1996 (L 1996, ch 635). In a thorough and well-reasoned opinion, Supreme Court denied Oak Mitsui's motions and granted Westinghouse's cross motion. Oak Mitsui appeals, and we affirm.

Initially, we reject the contention that the Westinghouse release operated to bar the third-party complaint because extrinsic evidence demonstrates that the failure of the temporary cable system (which caused the June 22, 1991 fire, requiring the plant to be evacuated and providing the occasion for plaintiff to injure his foot) was "related to" the installation of the busway system within the meaning of the Westinghouse release. Rather, we agree with Supreme Court that the facially unambiguous terms of the Westinghouse release addressed only liability arising out of the installation of the busway and did not operate to bar claims arising from the failure of the temporary cable system.

Fundamentally, releases are contracts to be interpreted in accordance with principles of contract law (*see, Stone v*

*National Bank & Trust Co.*, 188 AD2d 865, 867; *Metz v Metz*, 175 AD2d 938). Therefore, when the parties to a release express their intent in language that is clear and unambiguous on its face, full effect must be given to that intent in accordance with the language employed (*see, Murray-Gardner Mgt. v Iroquois Gas Transmission Sys.*, 229 AD2d 852; *Loitta v Real Seal Constr.*, 203 AD2d 786, 787). "In construing a general release it is appropriate to look to the controversy being settled and the purpose for which the release was executed * * * [and] 'a release may not be read to cover matters which the parties did not desire or intend to dispose of'" (*Metz v Metz, supra*, at 939-940, quoting *Cahill v Regan*, 5 NY2d 292, 299 [citation omitted]). Whether the language set forth in a release unambiguously bars a particular claim is a question of law appropriately determined on a motion for summary judgment based upon the entire release and without reference to extrinsic evidence (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157; *Matter of Milonas v Public Empl. Relations Bd.*, 225 AD2d 57, 64, *lv denied* 89 NY2d 811).

Here, the general language of the instrument releasing Oak Mitsui "from all claims of any kind or nature" was followed by a specific recital limiting the claims released to those "relating to the installation of a busway at [Oak Mitsui's] facility". By restricting the general words of release to specific claims relating to the busway installation, the parties expressed their clear intent that the release was to be operative only with respect to claims regarding the busway (*see, Green v Lake Placid 1980 Olympic Games*, 147 AD2d 860, 862; *Herman v Malamed*, 110 AD2d 575). In addition, the Westinghouse release made no mention of claims for contribution, the installation of the temporary cable system or the June 22, 1991 incident and, as already noted, the invoices identified therein related solely to installation of the pipe and conduit system. In view of the foregoing, and Oak Mitsui having pointed to no ambiguous language in the release, we agree with Supreme Court's conclusion that the Westinghouse release was clear and unambiguous and did not operate to bar the contribution claim arising out of the injury allegedly sustained by plaintiff during the failure of the temporary cable system.

As a final matter, based upon our determination in *Majewski v Broadalbin-Perth Cent. School Dist.* (231 AD2d 102, *affd* 91 NY2d 577) and *Kerr v Black Clawson Co.* (241 AD2d 686, *lv dismissed* 91 NY2d 867) that the provisions of the Omnibus Workers' Compensation Reform Act of 1996 sections 2 through 9 (*see*, L 1996, ch 635) do not apply to third-party claims, as

this one, which were pending on the effective date thereof, we agree with Supreme Court's denial of Oak Mitsui's motion to dismiss the third-party complaint on the basis of that act.

Oak Mitsui's remaining contentions have been considered and found to be unavailing.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.