NICHOLAS BUGEL, Appellant, v WPS NIAGARA PROPERTIES, INC., Formerly Known as CH NIAGARA PROPERTIES, INC., Respondent. [797 NYS2d 232]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered September 17, 2004. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained in a work-related accident at premises leased by CH Resources, Inc., his employer's predecessor corporation, and owned by CH Niagara Properties, Inc., defendant's predecessor corporation. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. In granting the motion, the court thereby agreed with defendant that the action is barred by a release executed by plaintiff following the accident, when his employment was terminated as the result of a corporate reorganization.

"In construing a general release it is appropriate to look to the controversy being settled and the purpose for which the release was executed[,] . . . [and] 'a release may not be read to cover matters which the parties did not desire or intend to dispose of' " (*Metz v Metz*, 175 AD2d 938, 939-940 [1991], quoting *Cahill v Regan*, 5 NY2d 292, 299 [1959]; *see Lefrak SBN Assoc. v Kennedy Galleries*, 203 AD2d 256 [1994]). The letter agreement containing the release at issue herein is captioned "Re: Change of Employment Status" and recites that it "sets forth the agreement reached concerning [plaintiff's] change of employment status with CH Resources, Inc., including its subsidiary and affiliated corporations, and their respective successors, assigns, representatives, agents, shareholders, officers, directors and employees ('the Company')." The letter agreement goes on to provide a severance package, in exchange for which plaintiff released "the Company" from liability for all claims existing as of the date of the agreement. Although defendant is one of the entities comprising "the Company" and is thus within the class of releasees, we conclude that the release does not bar this personal injury action. "It is unreasonable to conclude that the parties, as a condition of the release, intended

that plaintiff release all [his] existing unrelated claims against conceivably hundreds of named and unnamed corporations, . . . employees, etc." (*Wild v Finger Lakes Racing Assn.*, 191 AD2d 995, 996 [1993]). Rather, viewing the letter agreement as a whole and in light of its stated purpose, we conclude that the parties intended that plaintiff release only his employment-related claims against his employer and related entities and individuals (*see id.*; *see also Zilinskas v Westinghouse Elec. Corp.*, 248 AD2d 777, 778-779 [1998]; *Long Is. Pipe Fabrication & Supply Corp. v S & S Fire Suppression Sys.*, 226 AD2d 1136 [1996]). Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.