■ HSBC BANK, USA, Formerly Known as MARINE MIDLAND BANK, N.A., Plaintiff, v INFINITY AUTO GLASS DISTRIBUTORS, INC., et al., Defendants, MARK H. SKIERCZYNSKI, Respondent, and CHARLES LaMARTINA, Appellant. [811 NYS2d 829]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered November 4, 2004. The order, insofar as appealed from, granted the motion of defendant Mark H. Skierczynski for leave to reargue and, upon reargument, denied the motion of defendant Charles LaMartina for contribution and/or indemnity from defendant Mark H. Skierczynski.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion of defendant Mark H. Skierczynski is denied and the motion of defendant Charles LaMartina is granted, and

It is further ordered that judgment be entered in favor of de-

fendant Charles LaMartina and against defendant Mark H. Skierczynski in the amount of $64,922.05.

Memorandum: Defendant Charles LaMartina appeals from those parts of an order granting the motion of defendant Mark H. Skierczynski for leave to reargue with respect to LaMartina's motion for contribution and/or indemnity from Skierczynski and, upon reargument, "retract[ing] [Supreme Court's] prior decision" and denying LaMartina's motion. We note at the outset that it does not appear from the record before us that an order was issued granting the motion of LaMartina. Rather, it appears that the motion for leave to reargue followed the issuance of a bench decision and preceded the issuance of an order. We agree with LaMartina that the court erred in granting leave to reargue. A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). In support of his motion for leave to reargue, however, Skierczynski offered a document not offered on the prior motion, i.e., a pleading in one of the lawsuits set forth in the settlement agreement and general release between, inter alia, LaMartina and Skierczynski. That pleading was submitted herein for the purpose of establishing that LaMartina and Skierczynski intended to release each other from future claims stemming from the lawsuits listed in the settlement agreement and general release.

In any event, even assuming, arguendo, that the court properly granted leave to reargue, we further conclude that the court erred upon reargument in denying the motion of LaMartina. The settlement agreement at issue unambiguously provides that LaMartina, inter alia, "shall issue [a] general release[ ] waiving any and all claims [he has] raised or could have raised up through the date of this Settlement Agreement and Release against Skierczynski [and others]," and the general release executed by LaMartina on the same date with respect to Skierczynski sets forth those "claims" that LaMartina was releasing. Thus, the record establishes as a matter of law that LaMartina was not releasing Skierczynski from future claims (*see generally Matter of Schaefer*, 18 NY2d 314, 317 [1966]; *Zilinskas v Westinghouse Elec. Corp.*, 248 AD2d 777, 778-779 [1998]). As noted herein, it does not appear from the record that an order was issued granting the motion of LaMartina, and thus we now grant that motion and order that judgment be entered in his favor and against Skierczynski. Present—Pigott, Jr., P.J., Gorski, Smith, Green and Hayes, JJ.