# SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

**663**

**CA 11-02385**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

W. JAMES CAMPERLINO, PLAINTIFF-RESPONDENT,

V                                               MEMORANDUM AND ORDER

DAN E. BARGABOS AND KENWOOD HOMES, INC.,
DOING BUSINESS AS HERITAGE HOMES,
DEFENDANTS-APPELLANTS.

---

D'ARRIGO & COTE, LIVERPOOL (MARIO D'ARRIGO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

GREENE, HERSHDORFER & SHARPE, SYRACUSE (LORRAINE RANN MERTELL OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Brian
F. DeJoseph, J.), entered July 27, 2011 in a breach of contract
action. The order, among other things, denied defendants' motion to
dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this breach of contract action, defendants appeal
from an order that, inter alia, denied their pre-answer motion to
dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), and
directed them to serve an answer. We reject defendants' contention
that, pursuant to a plain reading of paragraph 10 of the parties'
purchase contract, plaintiff is not entitled to reimbursement for
development costs because defendants never developed the lots within
Section III of the Waterford Wood subdivision. As Supreme Court noted
in its bench decision, paragraph 10 does not distinguish between
developed and undeveloped lots. Instead, it provides that "[t]he
costs incurred by the Seller [plaintiff] for said development shall be
reimbursed to the Seller from the proceeds of sales of lots by the
Purchaser [defendants] within said Section III." Defendants'
interpretation of paragraph 10 requires the insertion of the term
"developed" therein, such that the paragraph would specify that the
reimbursement applies to the proceeds from sales of "developed lots."
It is well settled, however, that "courts may not by construction add
. . . terms, nor distort the meaning of those used and thereby make a
new contract for the parties under the guise of interpreting the
writing" (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470,
475 [internal quotation marks omitted]; *see Bailey v Fish & Neave*, 8
NY3d 523, 528).

We also reject defendants' related contention that the reimbursement requirement of paragraph 10 does not apply because they sold the entirety of Section III to a third party, rather than lots "within" Section III.  The sale of all the lots comprising Section III to one buyer necessarily constituted the sale of the lots within Section III, and plaintiff's entitlement to reimbursement for development costs pursuant to the purchase contract was not made contingent upon the sale of individual lots by defendants.  Particularly "in the context of real property transactions, where commercial certainty is a paramount concern, and where . . . the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length . . . courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include" (*Vermont Teddy Bear Co.*, 1 NY3d at 475 [internal quotation marks omitted]).  At the very least, paragraph 10 is ambiguous in this regard, rendering dismissal of plaintiff's reimbursement claim pursuant to CPLR 3211 (a) inappropriate.

Defendants further contend that this action is barred by the general releases signed by plaintiff in a prior action between the parties.  We conclude that the court properly denied defendants' motion to dismiss on that ground.  Pursuant to the general releases, defendants are released from "all actions, causes of action, . . . covenants, contracts, . . . [and] agreements" that plaintiff "ever had, now has or hereafter can, shall or may have" against defendants "from the beginning of the world to the day of the date hereof, including without limitation all matters related to, and all claims asserted" in a specified prior action.  Where, as here, " '[a] release . . . contain[s] specific recitals as to the claims being released, and yet conclude[s] with an omnibus clause to the effect that the releasor releases and discharges all claims and demands whatsoever which he [or she] . . . may have against the releasee . . ., the courts have often applied the rule of ejusdem generis, and held that the general words of a release are limited by the recital of a particular claim' " (*Green v Lake Placid 1980 Olympic Games*, 147 AD2d 860, 862).  In our view, the reference to the prior action in the releases creates an ambiguity concerning their intended scope (*see e.g. Bugel v WPS Niagara Props., Inc.*, 19 AD3d 1081, 1082-1083), and that ambiguity cannot properly be resolved in the context of a pre-answer motion to dismiss (*see generally Hambrecht & Quist Guar. Fin., LLC v El Coronado Holdings, LLC*, 27 AD3d 204).

Finally, for reasons stated by the court in its bench decision, we conclude that this action is not barred by the statute of limitations and that plaintiff did not waive his right to reimbursement under paragraph 10 by consenting to the sale of Section III by defendants to a third party.


Entered:  June 15, 2012                          Frances E. Cafarell
                                                 Clerk of the Court