# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1149**

**CA 14-00571**

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

NICOLE ABDULLA, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ARI GROSS, DEFENDANT-APPELLANT.

---

GOLDBERG SEGALLA LLP, BUFFALO (PAUL D. MCCORMICK OF COUNSEL), FOR DEFENDANT-APPELLANT.

ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (JUSTIN HENDRICKS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered June 14, 2013. The order denied the motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced a personal injury action (hereafter, first action) seeking damages for injuries she allegedly sustained on June 3, 2009 in a slip and fall accident at her residence, which was owned by defendant. During discovery in the first action, plaintiff's attorney informed defendant's attorney that plaintiff had either exacerbated her injuries or refractured her leg on September 5, 2009 in a second slip and fall accident at her residence. Thereafter, the parties engaged in settlement negotiations and further discovery, which consisted primarily of the exchange of authorizations and medical records related to the alleged injuries arising from the September 2009 accident. A settlement conference was held in June 2011 and, within a couple of days, plaintiff accepted defendant's settlement offer.

For over a year thereafter, defendant's attorney sent correspondence to plaintiff's attorney requesting, inter alia, a release and stipulation of discontinuance. In the meantime, unbeknownst to defendant's attorney, plaintiff commenced the instant action on September 5, 2012, alleging that she sustained serious personal injuries in the second accident. On October 23, 2012, plaintiff's attorney sent correspondence to defendant's attorney enclosing, inter alia, a "General Release" that had been executed by plaintiff on December 15, 2011. In relevant part, the release stated that defendant, in exchange for providing plaintiff with the agreed-upon settlement amount, was "released and forever discharged . . .

from all manner of actions, causes of action, suits, . . . claims and demands whatsoever" that plaintiff "ever had, now has or which [her] successors and assigns, heirs, executors or administrators, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of those present . . . *More specifically, for injuries sustained in a slip and fall incident which occurred on June 3, 2009, in the City of Lackawanna, County of Erie and State of New York*." Defendant made payment on the settlement and filed a copy of the stipulation of discontinuance in November 2012.

After learning of the instant action in January 2013, defendant's attorney requested that plaintiff discontinue the action on the ground that the previous settlement encompassed any injuries plaintiff allegedly sustained in the September 2009 accident. Defendant joined issue by service of an answer and, upon plaintiff's refusal to discontinue the instant action, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7). Supreme Court denied the motion, and defendant appeals.

We reject the contention of defendant that the instant action is barred by the release signed by plaintiff in the first action between the parties. "It is well settled that 'a general release is governed by principles of contract law' (*Mangini v McClurg*, 24 NY2d 556, 562 [1969]; *see Litvinov v Hodson*, 74 AD3d 1884, 1885 [2010]; *Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]) and that, where 'a release is unambiguous, the intent of the parties must be ascertained from the plain language of the agreement' (*Kaminsky*, 298 AD2d at 361)" (*Dommer Constr. Corp. v Savarino Constr. Servs. Corp.*, 85 AD3d 1617, 1617-1618). Moreover, "[i]t has long been the law that 'where a release contains a recital of a particular claim, obligation or controversy and there is nothing on the face of the instrument other than general words of release to show that anything more than the matters particularly specified was intended to be discharged, the general words of release are deemed to be limited thereby' (*Mitchell v Mitchell*, 170 App Div 452, 456 [1915])" (*Morales v Solomon Mgt. Co., LLC*, 38 AD3d 381, 382). Thus, "[w]here, as here, [a] release . . . contain[s] specific recitals as to the claims being released, and yet [contains] . . . an omnibus clause to the effect that the releasor releases and discharges all claims and demands whatsoever which he [or she] . . . may have against the releasee . . . , the courts have often applied the rule of ejusdem generis[, i.e., "of the same kind or class" (Black's Law Dictionary 594 [9th ed 2009])], and held that the general words of a release are limited by the recital of a particular claim" (*Camperlino v Bargabos*, 96 AD3d 1582, 1583-1584 [internal quotation marks omitted]).

Here, we conclude that the language of the release is unambiguous in specifying that the only claims discharged thereby are those arising from the injuries plaintiff allegedly sustained in the first slip and fall accident (*see Morales*, 38 AD3d at 382; *Kaminsky*, 298 AD2d at 361). Contrary to defendant's further contention that we should consider extrinsic evidence purportedly demonstrating that the

parties intended the settlement to cover both matters, "[i]t is well settled that, where the language of a release is clear and unambiguous, effect will be given to the intention of the parties as indicated by the language employed and the fact that one of the parties may have intended something else is irrelevant" (*Booth v 3669 Del.*, 242 AD2d 921, 922, *affd* 92 NY2d 934 [internal quotation marks omitted]; *see Matter of Schaefer*, 18 NY2d 314, 317; *Dommer Constr. Corp.*, 85 AD3d at 1618).

Entered:  January 2, 2015                              Frances E. Cafarell
                                                       Clerk of the Court