■ DAWN SALEWSKI, Plaintiff, v STELAN MUSIC, Defendant and Third-Party Plaintiff-Appellant; JOHN SALEWSKI et al., Third-Party Defendants-Respondents. [54 NYS3d 203]—

Mulvey, J. Appeal from an order of the Supreme Court (McGuire, J.), entered March 15, 2016 in Sullivan County, which granted third-party defendants' motion to dismiss the third-party complaint.

In March 2013, third-party defendant John Salewski, while operating a tractor trailer owned by his employer and third-party defendant Werner Enterprises, Inc., was involved in a collision with a tractor trailer operated by defendant. Plaintiff is Salewski's wife and was a passenger in the vehicle operated by Salewski at the time of the accident. Defendant commenced a personal injury action against Salewski and Werner for damages allegedly sustained in that accident. That action was settled in June 2014, and, in connection therewith, defendant executed a general release in favor of Salewski and Werner. In April 2015, plaintiff commenced this action against defendant for damages that she allegedly sustained as a result of the accident. Defendant answered and thereafter commenced a third-party action for contribution and indemnification against Salewski and Werner. Instead of answering, Salewski and Werner moved to dismiss the third-party complaint pursuant to CPLR 3211 (a) (5) on the ground of release. Supreme Court granted the motion, holding that the plain language of the release barred the third-party action. Defendant appeals.

We reverse. "Whether the language set forth in a release unambiguously bars a particular claim is a question of law appropriately determined on a motion [to dismiss] based upon the entire release and without reference to extrinsic evidence" (*Zilinskas v Westinghouse Elec. Corp.*, 248 AD2d 777, 779 [1998] [citations omitted]). Because a release is a contract, its construction is governed by principles of contract law (*see Mangini v McClurg*, 24 NY2d 556, 562 [1969]; *Zilinskas v Westinghouse Elec. Corp.*, 248 AD2d at 778). In construing the provisions of the release, we "construe the agreement[ ] so as to give full meaning and effect to the material provisions" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007] [internal quotation marks and citation omitted]) and, absent fraud, duress, illegality or mistake, a release that is clear and unambiguous on

its face constitutes a complete bar to an action on a claim that is the subject of the release (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]; *Lodhi v Stewart's Shops Corp.*, 52 AD3d 1084, 1085 [2008]). Further, "[i]n construing a general release[,] it is appropriate to look to the controversy being settled and the purpose for which the release was executed" (*Metz v Metz*, 175 AD2d 938, 939 [1991]). In that regard, "[i]f, from the recitals therein or otherwise, it appears that the release is to be limited to only particular claims, demands, or obligations, the instrument will be operative as to those matters alone, and will not release other claims, demands, or obligations" (*Lanni v Smith*, 89 AD2d 782, 782 [1982] [internal quotation marks and citation omitted]; *see Dury v Dunadee*, 52 AD2d 206, 208-209 [1976], *appeal dismissed* 40 NY2d 845 [1976]).

The first recital paragraph in the subject release begins by alleging that, "on or about March 20, 2013, [defendant] was caused to suffer injuries . . . (hereinafter referred to as 'the incident')." The second recital paragraph indicates that defendant "has made claims seeking monetary damages from [Salewski and Werner] on account of those alleged injuries (hereinafter referred to as 'the claim')." The third paragraph recites that defendant "seeks damages from [Salewski and Werner] allegedly arising out of and relating to the incident." The fourth recital paragraph asserts that defendant "has agreed to provide this General Release in full and final settlement, satisfaction and discharge of any and all claims which are or which may have been the subject of the incident."

Under the section entitled "Release and Discharge," the release states that defendant releases Salewski and Werner from any claim "of any nature whatsoever, whether based on tort, contract, or other theory of recovery which [he] now has, or which may accrue or otherwise be acquired, on account of or may in any way grow out of, or which is the subject of, the incident, . . . or any other subject related to this [r]elease or its bargaining, . . . regardless of the acts or omissions, if any, of the released parties and/or the degree of fault, if any, attributable to the released parties." The next section, entitled "General Release," provides that defendant "acknowledges and agrees that he may have suffered injuries that are unknown to him at the present and that unknown complications of present known injuries may arise . . . in the future. Notwithstanding said unknown injuries or complications of present known injuries, [defendant] waives any rights to assert in the future any claim not known or suspected, even though if such claims

were known, such knowledge would materially affect the terms of this [r]elease." Finally, under the section captioned "Indemnification," defendant agreed to "INDEMNIFY AND HOLD HARMLESS [Salewski and Werner] from any and all liens, demands, actions, third-party actions, and causes of action[ ] of whatsoever nature or character, which have been or may hereafter be asserted against [them] by any person, firm or corporation whomsoever arising out of, resulting from or in any manner connected with the injuries sustained by [defendant], for the incident."

"[A] release may [not] be treated lightly. It is a jural act of high significance without which the settlement of disputes would be rendered all but impossible" (*Mangini v McClurg*, 24 NY2d at 563; *see Stone v National Bank & Trust Co.*, 188 AD2d 865, 867 [1992]). Here, the release clearly defines the incident, the claim and the lawsuit. The fact that there are multiple references to the term "injuries" indicates an unambiguous intention to limit the release's application only to the personal injuries suffered by defendant in the incident. We further find this language to be a clear and unambiguous expression of the parties' intention that the release applies only to claims related to defendant's injuries. As such, and giving full meaning and effect to its material provisions, the release plainly manifests an intent to release Salewski and Werner for any and all claims related to defendant's personal injuries, and not to claims for contribution and indemnification for injuries allegedly suffered by another party—here, plaintiff (*see generally Beal Sav. Bank v Sommer*, 8 NY3d at 324; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]). Therefore, Supreme Court erred when it dismissed the third-party complaint.

Peters, P.J., McCarthy, Egan Jr. and Aarons, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court to permit third-party defendants to serve an answer to the third-party complaint within 20 days of the date of this Court's decision.