Stevens v Town of Chenango (Forks) (2018 NY Slip Op 08389)





Stevens v Town of Chenango (Forks)


2018 NY Slip Op 08389


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

525218

[*1]LISA STEVENS et al., as Administrators of the Estate of RICHARD H. MOORE, Deceased, Appellants,
v
TOWN OF CHENANGO (FORKS), Respondent.

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and

 Pritzker, JJ.

Douglas Walter Drazen, Binghamton, for appellants.
Coughlin & Gerhart LLP, Binghamton (Rachel A. Abbott of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Tait, J.), entered August 29, 2016 in Broome County, which, among other things, granted defendant's motion to dismiss the complaint.
In 2014, Richard H. Moore commenced this action to recover damages stemming from defendant's removal of timber and other vegetation from his property. During the discovery phase of the litigation, Moore settled an unrelated action he had commenced against defendant in 2007 and, in connection therewith, he executed a general release in favor of defendant and others. Defendant then filed two motions in the present action that, in relevant part, sought to amend its answer to assert a new affirmative defense based upon the general release and to dismiss the complaint on that basis. Supreme Court granted that relief and dismissed the complaint, prompting this appeal by Moore.[FN1]
We affirm. "Because a release is a contract, its construction is governed by principles of contract law" (Salewski v Music, 150 AD3d 1353, 1353 [2017] [citations omitted]; see Mangini v McClurg, 24 NY2d 556, 562 [1969]). Thus, absent fraud, duress, illegality, mutual mistake or other cause sufficient to invalidate a contract, the signing of a release that contains clear and unambiguous language "is a jural act binding on the parties" (Booth v 3669 Delaware, 92 NY2d 934, 935 [1998] [internal quotation marks and citation omitted]; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]; Ford v [*2]Phillips, 121 AD3d 1232, 1234-1235 [2014]). "Whether the language set forth in a release unambiguously bars a particular claim is a question of law appropriately determined on a motion to dismiss based upon the entire release and without reference to extrinsic evidence" (Salewski v Music, 150 AD3d at 1353 [internal quotations marks, brackets and citations omitted]; see Zilinskas v Westinghouse Elec. Corp., 248 AD2d 777, 779 [1998]).
The general release, executed by Moore after he commenced the present action, released defendant "from all manner of . . . claims and demands . . . in law or in equity that against [defendant] he ever had, now has or which he . . . shall or may have for any reason from the beginning of the world to the date of this release." Plaintiffs nonetheless argue that the release is limited by its terms to the 2007 action, noting that "where a release contains a recital of a particular claim . . . and there is nothing on the face of the instrument other than general words of release to show that anything more than the matters particularly specified was intended to be discharged, the general words of release are deemed to be limited thereby" (Abdulla v Gross, 124 AD3d 1255, 1257 [2015] [internal quotation marks and citation omitted]; see Green v Lake Placid 1980 Olympic Games, 147 AD2d 860, 862 [1989]). The release, however, does not limit or otherwise restrict itself to the 2007 action. Rather, it clearly and unambiguously specifies that it "includes, but is not limited to," the incident that led to the 2007 action (emphasis added). Moore executed the release with full knowledge that this action was pending against defendant, and the "timing and unequivocal and unconditional language" of the release therefore demonstrates its applicability to the 2014 action at issue here (Mascorp, Inc. v United States Fid. & Guar. Co., 122 AD3d 1195, 1196 [2014]; see Rubycz-Boyar v Mondragon, 15 AD3d 811, 812-813 [2005], lv denied 5 NY3d 703 [2005]; Commissioners of State Ins. Fund v Fortune Interior Dismantling Corp., 7 AD3d 427, 428 [2004]; LeMay v H.W. Keeney, Inc., 124 AD2d 1026, 1027 [1986], lv denied 69 NY2d 607 [1987]; compare Abdulla v Gross, 124 AD3d at 1257; Camperlino v Bargabos, 96 AD3d 1582, 1583-1584 [2012]; Zilinskas v Westinghouse Elec. Corp., 248 AD2d at 779).
Although plaintiffs claim that Moore did not intend for the release to encompass this action when he executed it, "the fact that [Moore] may have intended something else is irrelevant[, as] a mere unilateral mistake . . . with respect to the meaning and effect of the release . . . does not constitute an adequate basis for invalidating" it (Booth v 3669 Del., 242 AD2d 921, 922 [1997] [internal quotation marks and citations omitted], affd 92 NY2d 934 [1998]; see Matter of Schaefer, 18 NY2d 314, 317 [1966]; Dommer Constr. Corp. v Savarino Constr. Servs. Corp., 85 AD3d 1617, 1618 [2011]; Lodhi v Stewart's Shops Corp., 52 AD3d 1084, 1085 [2008]; LeMay v H.W. Keeney, Inc., 124 AD2d at 1027). Plaintiffs also argue that the release is not binding because it was drafted by defense counsel in the 2007 action instead of defense counsel in this case and, moreover, because Moore had yet to cash the settlement check tendered to him. We need only note that the check is immaterial to the validity of the release and that, regardless of who prepared the release, Moore's "own signature [on it] . . . is the relevant consideration" because defendant seeks to enforce it against Moore's estate (Calavano v New York City Health & Hosps. Corp., 246 AD2d 317, 320 [1998]; see CPLR 2104; General Obligations Law § 15-303; Angel v Bank of Tokyo-Mitsubishi, Ltd., 39 AD3d 368, 369 [2007]). Thus, we agree with Supreme Court that the release was clear and unambiguous and operated to bar the complaint in the present action.
In light of the foregoing, we need not address the alternative ground for dismissal cited by Supreme Court.
McCarthy, J.P., Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Moore passed away during the pendency of this appeal. Plaintiffs, the administrators of Moore's estate, were subsequently substituted as parties to this action and the caption was amended accordingly.