Lantz v Lantz (2023 NY Slip Op 03392)

Lantz v Lantz

2023 NY Slip Op 03392

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

535583
[*1]Linda Lantz, Individually and as Executor of the Estate of Carl Lantz, Deceased, Appellant,
v
Donald G. Lantz et al., Respondents.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for appellant.
Hinman, Howard & Kattell, LLP, Binghamton (Paul T. Sheppard of counsel), for respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Eugene D. Faughnan, J.), entered April 29, 2022 in Broome County, which, among other things, granted defendants' motion to dismiss the amended complaint.
Carl Lantz (hereinafter decedent) and defendant Donald G. Lantz (hereinafter defendant) co-owned two businesses — Ray Lantz Garage, Inc. and Lantz Acres, LLC. Upon decedent's death, plaintiff, his widow, was appointed executor of his estate. Plaintiff and defendant then began negotiating for defendant to purchase decedent's share of the businesses. While negotiations were ongoing, plaintiff and defendant agreed to sell a parcel of real property owned by Lantz Acres and to allow counsel for the businesses — defendant Hinman, Howard & Kattell, LLP (hereinafter HH & K) — to hold the net proceeds from the sale in escrow. Thereafter, defendant purchased decedent's shares in, and became sole owner of, the businesses. As part of this transaction, plaintiff, both in her capacity as executor of decedent's estate and in her individual capacity, signed a general release in which she released defendant and the businesses from all potential claims that she might have against them. HH & K then transferred the escrow funds from the earlier sale of real property to defendant as the sole owner of Lantz Acres.
Plaintiff subsequently commenced the instant action alleging unlawful conversion of her purported share of the escrow funds and breach of fiduciary duty on defendant's part, later adding claims of breach of fiduciary duty and negligence by HH & K. Defendant moved pursuant to CPLR 3211 (a) (1), (3), (5) and (7) to dismiss the complaint, primarily contending that plaintiff's claims were barred by the release that she had executed, and plaintiff opposed, arguing that the release was not intended to apply to the escrow funds. Supreme Court granted the motion, finding that the release precluded plaintiff's claims against both defendant and HH & K. Plaintiff appeals.
We affirm. As with any written agreement, where a release is "complete, clear and unambiguous on its face[, it] must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; see Gaines Mar. & Servs., Inc. v CMS Mar. Stor., LLC, 176 AD3d 1534, 1535 [3d Dept 2019]). "Whether the language set forth in a release unambiguously bars a particular claim is a question of law appropriately determined on a motion to dismiss based upon the entire release and without reference to extrinsic evidence" (Stevens v Town of Chenango [Forks], 167 AD3d 1105, 1106 [3d Dept 2018] [internal quotation marks and citations omitted]; see Zilinskas v Westinghouse Elec. Corp., 248 AD2d 777, 779 [3d Dept 1998]).
Pursuant to the general release at issue herein, plaintiff released defendant and both businesses "from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckoning, . . . claims[ ] and demands whatsoever . . . which [plaintiff] ever had, now ha[s] or [*2]hereafter can, shall or may have . . . relating to the ownership or operation of Ray Lantz Garage, Inc. and Lantz Acres, LLC including all legal obligations and responsibilities arising therefrom." Plaintiff asserts that, notwithstanding the above wording, the release was not intended to cover the escrow funds and she is still entitled to a portion of them. However, the release clearly and unambiguously indicated that plaintiff was giving up any and all claims, and there was no carveout for the escrow funds, the existence of which was fully known to plaintiff when she executed the release (see Stevens v Town of Chenango [Forks], 167 AD3d at 1107; LeMay v H.W. Keeney, Inc., 124 AD2d 1026, 1027 [4th Dept 1986], lv denied 69 NY2d 607 [1987]). In light of this, "the fact that [plaintiff] may have intended something else is irrelevant" (LeMay v H.W. Keeney, Inc., 124 AD2d at 1027; see Williamson Cent. School Dist. v E & L Piping, 261 AD2d 937, 938 [4th Dept 1999], lv denied 93 NY2d 816 [1999]). Accordingly, Supreme Court properly dismissed plaintiff's claims against defendant (see M.M. v Church of Our Lady of the Annunciation, 203 AD3d 1277, 1279-1280 [3d Dept 2022], lv denied 38 NY3d 911 [2022]; Stevens v Town of Chenango [Forks], 167 AD3d at 1107).[FN1]
Relatedly, dismissal as against HH & K was also appropriate. An escrow agent owes a fiduciary duty to a party with a beneficial interest in the escrow funds (see Baquerizo v Monasterio, 90 AD3d 587, 587 [2d Dept 2011]; Takayama v Schaefer, 240 AD2d 21, 25 [2d Dept 1998]). Given that, as outlined above, plaintiff sold decedent's interest in Lantz Acres to defendant and signed an all-encompassing general release of any claims against defendant or Lantz Acres, plaintiff had no beneficial interest in the escrow funds at the time that HH & K released them to defendant, such that it cannot be said that HH & K breached any fiduciary duty or otherwise acted negligently.
Garry, P.J., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: As for plaintiff's attempt to circumvent the release by arguing that the escrow funds constitute a distribution to which she was entitled under the terms of decedent's will and Lantz Acres' operating agreement, this argument is raised for the first time on appeal and, as such, is not properly before us (see Kumar v Franco, 211 AD3d 1437, 1441 [3d Dept 2022]; Sager v County of Sullivan, 145 AD3d 1175, 1177 [3d Dept 2016], lv denied 29 NY3d 902 [2017]).