Treistman v Ulster County Socy. for Prevention of Cruelty to Animals (2025 NY Slip Op 01024)

Treistman v Ulster County Socy. for Prevention of Cruelty to Animals

2025 NY Slip Op 01024

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

CV-23-1719
[*1]Ben Gary Treistman, Appellant,
v
Ulster County Society for Prevention of Cruelty to Animals et al., Respondents.

Calendar Date:January 8, 2025

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Ben Gary Treistman, Shady, appellant pro se.
Goldberg Segalla, White Plains (Zachary D. Oliva of counsel), for respondents.

Clark, J.P.
Appeal from an order of the Supreme Court (James Gilpatric, J.), entered July 10, 2023 in Ulster County, which granted defendants' motion to dismiss the complaint.
In January 2018, plaintiff filed an action (hereinafter the 2018 action) against defendant Ulster County Society for Prevention of Cruelty to Animals (hereinafter UCSPCA) and one of its employees, alleging that they had trespassed onto plaintiff's property, improperly profited from the sale of eggs produced by plaintiff's ducks and caused damage to plaintiff's property and his personal and professional reputation. The parties resolved the 2018 action through a settlement agreement and release in September 2018, and that action was discontinued. Thereafter, in March 2023, plaintiff filed the instant action against UCSPCA and defendant Adam Saunders, UCSPCA's executive director, asserting claims for defamation and negligent hiring and supervision, among others. Defendants moved to dismiss arguing, as relevant on appeal, that the settlement agreement and release prevented plaintiff from bringing the instant action. Plaintiff opposed the motion. Supreme Court found that the release barred plaintiff from maintaining the instant action and, as such, it granted defendants' motion and dismissed the complaint. Plaintiff appeals.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011] [internal quotation marks and citation omitted]; see CPLR 3211 [a] [5]). "[A]bsent fraud, duress, illegality, mutual mistake or other cause sufficient to invalidate a contract, the signing of a release that contains clear and unambiguous language is a jural act binding on the parties" (Stevens v Town of Chenango [Forks], 167 AD3d 1105, 1106 [3d Dept 2018] [internal quotation marks and citations omitted]; see Young v Williams, 47 AD3d 1084, 1086 [3d Dept 2008]). "Whether the language set forth in a release unambiguously bars a particular claim is a question of law appropriately determined on a motion to dismiss based upon the entire release and without reference to extrinsic evidence" (Lantz v Lantz, 217 AD3d 1228, 1229-1230 [3d Dept 2023] [internal quotation marks and citations omitted]; see Salewski v Music, 150 AD3d 1353, 1353 [3d Dept 2017]).
Pursuant to the settlement agreement and release, plaintiff agreed to resolve the 2018 action in consideration for a negotiated sum. Plaintiff further agreed to release UCSPCA and its agents from "any and all . . . causes of action," "claims" and "all known and unknown damages now or in the future . . . involving in any manner the factual allegations in [the 2018 action]." This language clearly and unambiguously reaches beyond the 2018 action to bar plaintiff from bringing a new suit against UCSPCA and its agents if that new suit is based in any way on the factual allegations underlying the 2018 claim (see e.g. M.M. v Church [*2]of Our Lady of the Annunciation, 203 AD3d 1277, 1278-1279 [3d Dept 2022], lv denied 38 NY3d 911 [2022]). Notably, plaintiff poses no challenge to the validity of the settlement agreement and release, and his argument that he only intended for such agreement to apply to the 2018 action is unavailing, as "a mere unilateral mistake with respect to the meaning and effect of the release does not constitute an adequate basis for invalidating it" (Stevens v Town of Chenango [Forks], 167 AD3d at 1107 [internal quotation marks, ellipses and citations omitted]; see Rubycz-Boyar v Mondragon, 15 AD3d 811, 812-813 [3d Dept 2005], lv denied 5 NY3d 703 [2005]; compare Wen Ying Gamba Lu v Wen Mei Lu, 157 AD3d 1101, 1103 [3d Dept 2018]).
Here, the 2018 action centered on allegations that UCSPCA improperly sent an employee to investigate and photograph plaintiff's property on April 29, 2017, and on damage caused by UCSPCA's presence on his property on May 3, 2017. In the instant action, plaintiff realleged the impropriety of the April 29, 2017 investigation conducted by the UCSPCA employee and the damage allegedly caused to his property by UCSPCA on May 3, 2017. Although the instant action expounds on UCSPCA's allegedly tortious and illegal conduct and claims damages beyond those alleged in the 2018 action, the two actions stem from the same set of events. As the release expressly encompassed all claims that plaintiff may make against UCSPCA and its agents "involving in any manner the factual allegations in [the 2018 action]," we agree with Supreme Court that the instant action was barred by the release (see Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d at 277; Rubycz-Boyar v Mondragon, 15 AD3d at 812-813; compare Salewski v Music, 150 AD3d at 1355). As such, Supreme Court properly granted defendants' motion to dismiss the complaint.
To the extent not expressly addressed herein, we have reviewed plaintiff's remaining contentions and find that they lack merit.
Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.