# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

352

CA 14-01459

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND WHALEN, JJ.

---

DAMARIS A. CORZATT, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

ZACHAREY A. TAYLOR, DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

FITZSIMMONS, NUNN & PLUKAS, LLP, ROCHESTER (JASON E. ABBOTT OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ERIC M. DOLAN OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas
A. Stander, J.), entered June 25, 2014.  The order granted the motion
of defendant Zacharey A. Taylor to dismiss the complaint against him.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied
and the complaint against defendant Zacharey A. Taylor is reinstated.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she allegedly sustained in a motor vehicle accident.  She had
previously commenced an action in Rochester City Court seeking
$4,741.04 for property damage to her vehicle.  In consideration of
that sum, plaintiff signed a release in favor of, inter alia,
defendant Zacharey A. Taylor (defendant), releasing him from "all
actions, causes of action . . . claims and demands whatsoever" that
plaintiff "ever had" against defendant "from the beginning of the
world to the day of the date of this RELEASE.  And more particularly
for any and all property damage claims as a result of [the subject]
motor vehicle accident."

We conclude that Supreme Court erred in granting defendant's
motion to dismiss the complaint against him in the instant action
pursuant to CPLR 3211 (a) (5) based upon the release.  "The meaning
and scope of a release must be determined within the context of the
controversy being settled" (*Matter of Schaefer*, 18 NY2d 314, 317; *see
Kaminsky v Gamache*, 298 AD2d 361, 362), and "a release may not be read
to cover matters which the parties did not desire or intend to dispose
of" (*Cahill v Regan*, 5 NY2d 292, 299; *see Desiderio v Geico Gen. Ins.
Co.*, 107 AD3d 662, 663; *Bugel v WPS Niagara Props.*, 19 AD3d 1081,
1082).  "Moreover, it has long been the law that where a release
contains a recital of a particular claim, obligation or controversy

and there is nothing on the face of the instrument other than general words of release to show that anything more than the matters particularly specified was intended to be discharged, the general words of release are deemed to be limited thereby" (*Abdulla v Gross*, 124 AD3d 1255, 1257 [internal quotation marks omitted]).  Here, viewing the release in the context of the controversy being settled and in light of the specific reference to plaintiff's property damage claims, we conclude that the parties intended that plaintiff release only such property damage claims (*see Bugel*, 19 AD3d at 1083; *Kaminsky*, 298 AD2d at 362).

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court